[No. 6,331.]

## WOLF v. MARSH.

Contract—Breach.—If one voluntarily puts it out of his power to do what he has agreed, he breaks his contract, and is immediately liable to be sued therefor without demand, even though the time specified for performance has not expired.

Id.—Id.—Condition.—M. in writing promised to pay W. a certain sum of money, but with the express understanding that, if certain mines belonging to M. should yield him no profits, then the note was not to be paid, and the obligation was to become null and void. M. sold the mines before they yielded any profit to him. *Held*, that the yielding of profits to M. from the mines was a condition precedent to the obligation incurred; but that M. hav-

ing rendered the happening of the condition impossible, by selling the mines, the obligation became absolute.

ID.—STATUTE OF LIMITATIONS.—*Held, further,* that the Statute of Limitations commenced to run only from the time of the conveyance.

APPEAL from a judgment for the plaintiff, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The complaint alleges, and the allegations are not denied in the answer, that on the 24th day of November, 1866, the defendant was indebted to the plaintiff in the sum of $1,449, and on that day paid on that indebtedness the sum of $1,000; and to secure the payment of the balance, executed the instrument set out in the opinion. The Court finds that the instrument in question was given and accepted in lieu of and for the balance then due upon the original note. One of the specifications of insufficiency of evidence is, that the evidence was insufficient to justify the finding that the cause of action was not barred by the provisions of the Code of Civil Procedure, § 337, because it appeared that more than four years had elapsed before the commencement of the action, from the time when the alleged cause of action arose.

The other facts are stated in the opinion.

*Pringle & Hayne,* for Appellant.

The note was given for a previous liability, of which it did not postpone the time of payment. No time was fixed within which the condition might happen; hence it must be confined to the statutory period. (*Daidier* v. *Davison,* 2 Sand. Ch. 61; *Lance* v. *Parker,* 1 Const. R. (S. C.) 168; *Motley* v. *Montgomery,* 2 Bailey, 544.)

If the statute did not begin to run at the date of the contract, at least it must have begun in a reasonable time afterward; and, if we allow the whole statutory period as a reasonable time, still the cause of action is barred. (*Louis* v. *Tiston,* 10 Ohio St. 88; *Jones* v. *Eislen,* 3 Kans. 134; *McDowell* v. *Goodwyn,* 2 Const. R. (S. C.) 441; Edwards on Bills and Notes, 390, 391; Civ. Code, § 3135.) No case can be found in which

this reasonable time has been extended beyond the statutory period. (*Codman* v. *Rogers*, 10 Pick. 112; *Brumagim* v. *Tallant*, 29 Cal. 503; *Stafford* v. *Richardson*, 15 Wend. 302; *Hickok* v. *Hickok*, 13 Barb. 633; *Keithler* v. *Foster*, 22 Ohio St. 31.) It was not found or proved that the mines yielded any profits.

*Leonard Reynolds*, for Respondent.

The cause of action never was barred. The condition of the note was, that it was not to be barred at all, but was to be void and of no effect, if the Marsh Ranch yielded no profits to the maker. The proof is, that it yielded no profits up to November 1st, 1871, and no action could have been maintained on the note up to that time. The Statute of Limitations does not commence to run until a right of action accrues.

The contract was undoubtedly made with reference to the existing lease. Only three years of the lease had expired, and there still remained seven years within which the condition might happen.

Department No. 2, SHARPSTEIN, J.:

This is an action upon an instrument in writing, of which the following is a copy:

"[449.00.]          MARTINEZ, November 24th, 1866.

"For value received, I promise to pay to S. Wolf, or order, four hundred and forty-nine dollars with interest at one per cent. per month from date until paid, principal and interest payable in United States gold coin. This note is made with the express understanding that if the coal mines in the Marsh Ranch yield no profits to me, then this note is not to be paid, and the obligation herein expressed shall be null and void.

"(Signed)          C. P. MARSH."

It appears by the pleadings, evidence, and findings, that at date of this instrument, and thereafter until the 1st day of November, 1871, the defendant was the owner of the one undivided half of said ranch, and that the coal mines which it

contained were under lease to the "Poso Coal Company," at a rent of thirty-three cents per ton for each ton of coal that might be taken from said mines. That up to said first day of November, 1871, the mines had yielded the defendant no profits, and that on the last-named day the defendant conveyed his entire interest in the ranch, including the mines, to one Williams. This action was commenced within four years after the date of said conveyance. There was a demurrer to the complaint, on the grounds, 1st. That it did not state facts sufficient to constitute a cause of action; and, 2nd. That the cause of action was barred by the provisions of § 337 of the Code of Civil Procedure. The demurrer was overruled, and the defendant answered the complaint. The case was regularly tried by the Court, which rendered its judgment in favor of the plaintiff. The defendant moved, on a bill of exceptions, for a new trial, which was denied; and from that judgment, and the order denying the motion for a new trial, the defendant appealed to this Court. The grounds upon which appellant here seeks to have the judgment and order reversed are, that the action is barred by the Statute of Limitations, and that it is not proved or found that the coal mines in the Marsh Ranch have ever yielded any profit.

Upon the point that the action was barred by the Statute of Limitations, it is sufficient to remark, that we are unable to discover any ground upon which that point can be sustained; and if we are right in the view which we take of the other point, it must be apparent that the statute did not commence running more than four years before the commencement of this action. The instrument sued upon consists of two parts: a promissory note, and a condition upon which it was not to be paid, but to be null and void. That condition was, that the coal mines in the Marsh Ranch should yield no profits to the defendant. If they at any time should yield profits to him, the note would then become due and payable. From that time the Statute of Limitations would commence to run, because at that time a cause of action would accrue upon the note. Prior to the 1st day of November, 1871, the date of defendant's conveyance to Williams, the mines had yielded no profits to defendant, and if he had re-

tained his interest in them up to this time, or for any length of time, without their yielding any profits to him, no cause of action would have accrued upon the note. But, as before remarked, upon the mines yielding profits to the defendant, the note became due and payable *eo instante.*

Before the mines had yielded any profits to the defendant, he sold and conveyed his interest in them to a stranger. By so doing he voluntarily put it out of his power ever to realize any profits from the mines. However great the yield of profits from them might be after that, they could yield none to him. And the principle is elementary, that "if one voluntarily puts it out of his power to do what he has agreed, he breaks his contract, and is immediately liable to be sued therefor, without demand, even though the time specified for performance has not expired." (Bishop on Cont. § 690.)

That this case is within that principle, we do not entertain a doubt. When the note was executed, the defendant was a half owner of the mines, which were leased on such terms that the production of coal from them must have yielded him a profit. After making the note, he voluntarily committed an act which made it impossible for the contingency upon which the note would become due and payable ever to arise. When he did that, he violated his contract, and the note at once became due and payable; and as this action was commenced within four years after that, it follows that the judgment and order of the Court appealed from must be affirmed.

THORNTON, P. J., and MYRICK, J., concurred.