[No. 7,885.—Department One.]

## JOHN A. LOVE *v.* H. MABURY ET AL.

CONDITIONAL PROMISE—FAILURE OF CONDITION BY FAULT OF PROMISOR—CONSTRUCTION OF CONTRACT.—The plaintiffs' assignors contracted to furnish materials and perform work on defendants' mine; in consideration of which the defendants agreed to pay them one thousand seven hundred dollars—eight hundred dollars during the progress of the work, and the balance out of the first proceeds of the mine, after deducting expenses.

*Held:* The contract contemplated that the defendants were to work the mine; and their failure and refusal to commence to work it within a reasonable time, rendered them liable for the balance to be paid.

ID.—INTEREST—MODIFICATION OF JUDGMENT—APPEAL.—The plaintiff was entitled to interest only from the expiration of a reasonable time from the completion of the repairs. On account of error in this respect, judgment reversed and cause remanded for a new trial, unless plaintiff, within twenty days after filing of remittitur, files written consent to modification of judgment.

APPEAL from a judgment for the plaintiff, in the Superior Court of the County of San Diego. McNEALY, J.

*Levi Chase*, for Appellants.

N. H. *Conklin* and *M. A. Luce*, for Respondent.

Ross, J.:

Cooper, Farley, and Barnum—assignors of the plaintiff—contracted in writing with the defendants to furnish certain materials for, and to perform certain work upon, the Stonewall mine, mill, and mining property, situate in San Diego County, in consideration of which the defendants agreed to pay them the sum of one thousand seven hundred dollars—eight hundred dollars during the progress of the work, "and the balance of nine hundred dollars to be paid out of the first proceeds of the mine, after deducting expenses." The materials were furnished and the work completed by Cooper, Farley, and Barnum, and accepted by defendants on the twelfth of May, 1880; but the latter failed and refused to work the mine, or to pay the balance due on the contract.

That the contract contemplated that the *defendants* were to work the mine "out of the first proceeds of which, after deducting expenses," the balance was to be paid, does not admit of doubt. And we are of opinion that their failure and refusal to commence to work it within a reasonable time after the completion and acceptance of the labor and materials bestowed on the property, rendered them liable for the balance due therefor.

The Court below, however, erred in allowing the plaintiff interest from May 12, 1880. The defendants were entitled to a reasonable time after the completion of the repairs within which to commence to work the mine, and until they had made default, the plaintiff was not entitled to interest. The Court below did not find definitely when such reasonable time elapsed, but that it elapsed "between the completion of said contract (May 12, 1880), and the commencement of this action (December 24, 1880)." From its expiration the plaintiff is entitled to legal interest—*a fortiori* from December 24, 1880. The former can not be awarded the plaintiff on the record, because of the omission in the finding above noticed.

It is, therefore, adjudged here that the judgment and order of the Court below be reversed and the cause remanded for a new trial, unless the plaintiff, within twenty days after the filing of the remittitur in the Court below, files his consent

in writing to the modification of the judgment by striking therefrom the amount of interest allowed him prior to December 24, 1880, in which event the Court below is directed to modify the judgment accordingly, and as so modified it is affirmed.

McKINSTRY, J., and MORRISON, C. J., concurred.