[No. 11707.   Department One. — May 25, 1889.]

JOHN LONG, RESPONDENT, *v.* R. C. SAUFLEY, APPELLANT.

PREVENTION OF PERFORMANCE — INSTANCE. — Defendant promised to pay to plaintiff a certain sum if he should point out property out of which a judgment against a third person could be made. Plaintiff pointed out the required property, but the defendant chose to compromise his claim, and accepted less than was due on the judgment. *Held,* that plaintiff could recover the sum promised.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Stewart & Herrin, William F. Herrin,* and *H. L. Gear,* for Appellant.

Where a promise to pay money is by its terms conditional or contingent, it is a necessary part of the cause of action to aver the happening of the precise condition or contingency upon which the liability is made to depend, and a breach of the agreement according to its

terms after such condition or contingency has occurred.
In the present case the parties made it an express condition of any cause of action upon their contract that the
money to be paid should be collected out of property to
be pointed out by J. H. Long.   There is no averment in
the complaint that any money was ever thus collected.
(*Fisher* v. *Pearson*, 48 Cal. 472; *Mickle* v. *Sanchez*, 1 Cal.
200; *Morgan* v. *Menzies*, 60 Cal. 341; *Loup* v. *California
S. R. R. Co.*, 63 Cal. 102; *Tarpey* v. *Shillenberger*, 10 Cal.
391; *Bruen* v. *Ogden*, 18 N. J. L. 124.)

*W. H. Sears*, and *D. H. Whittemore*, for Respondent.

After the plaintiff had pointed out the property out of
which the judgment could have been collected, it was the
duty of the defendant to collect it, or to pay the plaintiff.
( *Wolf* v. *Marsh*, 54 Cal. 228; Bishop on Contracts, sec.
690; 1 Addison on Contracts, sec. 326; *Love* v. *Mabury*,
59 Cal. 485; *Bolles* v. *Sachs*, 37 Minn. 315.)

HAYNE, C.—Action upon a contract to pay plaintiff
five hundred dollars "out of money collected on judgment in action of *Frank* v. *Kilbourn et al.*, . . . . provided the said money shall be collected from property of
defendant pointed out by the said Long." The complaint
avers that said Long "did point out property belonging
to said Kilbourn of the value of thirty thousand dollars
out of which said judgment could have been collected,
and did keep and perform all the requirements of said
agreement on his part to be kept and performed"; but
that defendant compromised and settled said judgment
by accepting four thousand dollars without the knowledge
or consent of Long.   Judgment was given for plaintiff,
and defendant appeals.

Findings were waived, and the evidence is not brought
up.   It must therefore be presumed that Long did point
out property from which the amount of the judgment in
question could have been collected, and that the appel-.

lant chose not to collect it, but to accept a less sum. This being the case, judgment was properly given against him. (*Wolf* v. *Marsh*, 54 Cal. 232.)

We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.