[No. 13734.   Department One. — February 16, 1891.]

GODFREY POIRIER, RESPONDENT, v. MARY PAU-
LINE GRAVEL, APPELLANT.

CONSIDERATION OF WRITTEN INSTRUMENT — EVIDENCE — BURDEN OF PROOF.
— A written instrument is presumptive evidence of a consideration, and
the burden of showing a want of consideration sufficient to support it is
upon the party seeking to avoid it.

ID. — PLEADING — RECITAL IN COMPLAINT — SURPLUSAGE. — A recital in the
complaint, in an action upon a written instrument, that the defendant,
"being indebted," executed it, is unnecessary, and may be rejected as
surplusage.

CONTRACT — AGREEMENT TO PAY FROM PRODUCTS OF LAND — BREACH —
SALE OF LAND — PLEADING. — A complaint for breach of a contract to
pay a sum of money in installments, when realized from the products of
certain land owned by the defendant, which alleges the contract, and a
sale and conveyance by the defendant to others of the land and products,
and that the defendant had not paid a part of the money which she
agreed to pay, sufficiently states a breach of the contract.

ID. — IMPOSSIBILITY OF PERFORMANCE — VOLUNTARY BREACH — DEMAND —
MATURITY OF CAUSE OF ACTION. — If one voluntarily puts it out of his
power to do what he has agreed, he breaks his contract, and is immedi-
ately liable for the breach, without demand, even though the time speci-
fied for performance has not expired.

JUDGMENT BY DEFAULT — ORDER REFUSING TO VACATE — CONFLICTING
AFFIDAVITS — APPEAL. — An order refusing to vacate and set aside a
judgment by default on the alleged ground of mistake and inadvertence
of the defendant will not be reversed on appeal, where the affidavits
used on the hearing of the motion are conflicting as to whether the
defendant's failure to answer in time did arise from mistake, inadver-
tence, or excusable neglect.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Brousseau & Hatch*, for Appellant.

There is no allegation that defendant is indebted, but
there is a recital that the defendant, "being indebted,"
executed the instrument, etc.   The recital "being in-
debted" is not issuable.   (Bliss on Code Pleading, sec.
318.)   A complaint for breach of contract must state a
breach in unequivocal language.   The necessary facts

must be stated, and not left to inference. (*Stringer* v. *Davis*, 30 Cal. 318; *Moore* v. *Besse*, 30 Cal. 570; *Seely* v. *Hills*, 44 Wis. 484; *Munger* v. *Shannon*, 61 N. Y. 251–256; Bliss on Code Pleading, sec. 318; Boone on Code Pleading, sec. 15.)

*H. H. Appel*, and *Willis & Appel*, for Respondent.

If one party by his own act makes the performance of his promise impossible, the other may at once bring an action against him for a breach. (*Harris* v. *Williams*, 3 Jones, 483; *Planche* v. *Colburn*, 8 Bing. 14; *Shaffner* v. *Killian*, 7 Ill. App. 620; *Ex parte Maclure*, L. R. 5 Ch. App. 737; *Lovell* v. *Ins. Co.*, 111 U. S. 264; *United States* v. *Peck*, 102 U. S. 64; *Warren* v. *Stoddart*, 105 U. S. 224; *Heard* v. *Bowers*, 23 Pick. 455; *Buttrick* v. *Holden*, 8 Cush. 233; *Newcomb* v. *Brackett*, 16 Mass. 161; *Packer* v. *Steward*, 34 Vt. 133; *Seipel* v. *Int. L. Ins. & T. Co.*, 84 Pa. St. 47.) The contract contemplated that the defendant should work the land described therein, and upon her selling it, she divested herself of the right to the products thereof, and her failure to work the land rendered her liable for the money she promised to pay plaintiff. (*Love* v. *Mabury*, 59 Cal. 484.) If one voluntarily puts it out of his power to do what he has agreed, he breaks his contract, and is immediately liable to be sued therefor without demand, even though the time specified for performance has not expired. (*Wolf* v. *Marsh*, 54 Cal. 228; Bishop on Contracts, sec. 690; *Liebrand* v. *Otto*, 56 Cal. 246, 247; *Steward* v. *Glass*, 36 Cal. 159.)

BELCHER, C. — The plaintiff brought this action in April, 1889, to recover the sum of fifteen hundred dollars on a written instrument, which reads as follows: —

"$1,700.        LOS ANGELES, CAL., February 9, 1888.

"I hereby promise to pay to Godfrey Poirier the sum of seventeen hundred dollars out of the net proceeds of

the products, whether mineral, timber, wood, or any other thing, raised or taken from section 3 of township 11 north, range 15 west, of the San Bernardino meridian, in Kern County, state of California, the said sum to be so paid in installments in such amounts and at such times as I shall realize each month from such products after payment of all costs and expenses of the gathering or obtaining and selling such products. The said sum of money to be paid only and exclusively from such products of said land as I may be entitled to, and no other property of mine shall be subject to said debt or obligation.     MARY PAULINE GRAVEL."

It is alleged in the complaint that the defendant, being the owner of an undivided one-half interest of the land described, and being indebted to the plaintiff in the sum of seventeen hundred dollars, executed and delivered to plaintiff the instrument on the day of its date, and the plaintiff then and there accepted the same; "that since the making and delivery of said instrument by defendant to plaintiff, the said defendant has sold, disposed of, and conveyed away to other persons the said land and premises in said agreement described, and all mineral, timber, and wood products thereof, and everything that could and might be gathered and raised from the land, and said defendant is no longer the owner thereof; that said defendant has not paid the said sum of seventeen hundred dollars, save and except the sum of two hundred dollars, or thereabouts, and there is due, owing, and unpaid from defendant to plaintiff the sum of about fifteen hundred dollars." Wherefore judgment is asked for the sum of fifteen hundred dollars and costs of suit.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and on the 6th of May the demurrer was overruled, and ten days allowed to answer. Four days later, notice of the ruling on the demurrer was served on defendant's attorneys, and on the 31st of the

same month, no answer having been filed, judgment by default was entered against the defendant by the clerk for the amount prayed for and costs. On the 7th of June an execution on the judgment was issued and levied on defendant's property, and notice of the time and place of sale was published. On the 2d of July defendant served on plaintiff a notice that on the 8th of that month she would move the court for an order vacating the judgment and setting aside the default taken, upon the ground that the default was entered against her by mistake and inadvertence, and also upon the ground that the judgment was irregular and void, because the complaint did not state facts sufficient to constitute a cause of action. This motion was subsequently heard by the court upon affidavits introduced on both sides, and denied. The defendant then appealed from the judgment, and the order denying her motion.

1. It is contended for appellant that her demurrer to the complaint should have been sustained, but we think the ruling proper.

The written instrument imported a consideration for its execution, and the burden of showing a want of consideration sufficient to support it was upon the defendant. (Civ. Code, secs. 1614, 1615.) The recital that the defendant, "being indebted," executed the instrument, was not necessary, and may be rejected as surplusage.

It is true that a complaint for breach of contract must state the breach in unequivocal language. We think the complaint here fully complied with this rule. It set out the contract whereby the defendant agreed to pay a sum of money in installments when realized by her from the products of certain land which she owned, and then asleged that she had sold and conveyed to other persons the land and she products thereof, and had not paid a part of the money which she had agreed to pay. This being so, the balance unpaid became immediately due and payable, and the plaintiff could maintain an action

for the recovery thereof.   The case in this respect is like that of *Wolf* v. *Marsh*, 54 Cal. 228.   There the defendant executed to the plaintiff a written agreement whereby he promised to pay a sum of money when realized from the profits of certain coal mines in which he owned an interest.   Before the mines had yielded any profits to the defendant, he sold and conveyed his interest in them to a stranger.   "By so doing," it was said by this court, "he voluntarily put it out of his power ever to realize any profits from the mines.   However great the yield of profits from them might be after that, they could yield none to him.   And the principle is elementary, that if one voluntarily puts it out of his power to do what he has agreed, he breaks his contract, and is immediately liable to be sued therefor without demand, even though the time specified for performance has not expired.   (Bishop on Contracts, sec. 1426.)"   (See also *Love* v. *Mabury*, 59 Cal. 484.)

2. We cannot say that the court below erred in refusing to vacate and set aside the judgment on the ground that it was taken against defendant through her mistake and inadvertence.   The affidavits introduced on the hearing of the motion were conflicting in their statements. Those read by the plaintiff very clearly showed that defendant's failure to answer in time did not arise from mistake, inadvertence, or excusable neglect.   The learned judge who heard the motion must have thought that the plaintiff's affidavits stated the facts truly; and in this we are unable to see that he was mistaken.

In our opinion, the judgment and order should be affirmed, and we so advise.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.