[Sac. No. 219. In Bank.—August 2, 1898.]

F. S. BAGLEY, Respondent, v. EDGAR A. COHEN et al., Appellants.

GUARANTY APPENDED TO CONTRACT—ORIGINAL UNDERTAKING.—A guaranty appended to a contract before its delivery, to the effect that the contract shall be performed according to its conditions, is part of the same transaction with the contract, and the two instruments make but a single contract on the part of the guarantors, and is an original undertaking by them.

ID.—COMMENSURATE LIABILITY.—The liability of the guarantor upon such original undertaking is commensurate with that of the principal contractor, and is absolute, when he becomes absolutely liable for breach of the principal contract.

ID.—GUARANTY OF NOTE PAYABLE OUT OF PROFITS—SALE OF BUSINESS.—Under a note payable out of the profits of a business, the payment of which is originally guaranteed in accordance with its conditions, the liability both of the maker and of the guarantors becomes fixed and absolute, when the maker voluntarily puts it out of his power to make any profit out of the business, or to fulfill the contract according to its terms, by a sale and conveyance of the business.

ID.—INSERTION OF NAME IN GUARANTY—EXECUTION.—The insertion of one only of the names signed to a guaranty, in the body of the guaranty, does not make the person so named the sole guarantor, where it appears that another person also executed it, not as a witness, but as one who made and subscribed the guaranty.

CHANGING PLACE OF TRIAL.—An application for a change of the place of trial is properly refused, where the defendants did not appear, or answer or demur at the time when the motion was made.

SETTING ASIDE DEFAULT—RULE REQUIRING COPY OF ANSWER—DEMURRER.—A rule of court requiring the copy of an answer proposed to be filed, to be served with the notice of a motion to set aside a default is proper; and a demurrer is not an "answer" within the meaning of such rule.

APPEAL from a judgment of the Superior Court of Fresno County and from orders denying a motion to change the place of trial, and denying a motion to set aside a default and judgment. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

Alfred H. Cohen, and Theodore H. Hittell, for Appellant.

George L. Warlow, for Respondent.

HARRISON, J.—This action is brought against the defendants upon their guaranty of a contract made to the plaintiff by one Gould. The contract is as follows:

"On or before sixty days I, E. H. Gould, do hereby agree to pay to F. S. Bagley, or order, out of the profits realized by me from my business of packing raisins at Malaga, during the present season, the sum of three hundred and ten ($310) dollars in gold coin of the United States of America.

"Dated Fresno, September 12, 1894."

"E. H. GOULD.   [Seal]"

Prior to the delivery of this contract, and as a part of the same transaction, the defendant subscribed the following guaranty, which was written beneath the contract:

"I, E. A. Cohen, do hereby guarantee the payment of the foregoing note in accordance with the conditions thereof.

"E. A. COHEN.   [Seal]
"By L. L. Cory, Agent.
"EDGAR A. COHEN.
"J. B. COHEN."

Within ten days after the execution of the foregoing instrument Gould sold and conveyed all his right, title, and interest

in and to his business of packing raisins at Malaga, and thereby prevented himself from realizing any profits out of said business. Judgment by default was entered against the defendants, and they have appealed therefrom upon the ground that the complaint fails to state a cause of action.

The contract of the defendants being a part of the same transaction with the contract of Gould, the two instruments make but a single contract on their part. (*Hazeltine v. Larco,* 7 Cal. 32.) Their guaranty that Gould would perform his contract was an original undertaking by them, and their liability as guarantors is commensurate with that of Gould. (Civ. Code, sec. 2808.) Their promise that he would perform his contract "in accordance with the conditions thereof" made them absolutely liable for his failure to perform it when he should be so liable. (*Otis v. Haseltine,* 27 Cal. 80.)

By the sale and conveyance of his business Gould voluntarily prevented himself from fulfilling his contract according to its terms, by putting it out of his power to make any profits in the business, and his liability became thereupon fixed and absolute. (Bishop on Contracts, sec. 1426; Wharton on Contracts, sec. 885 a; *Wolf v. Marsh,* 54 Cal. 228; *Love v. Mabury,* 59 Cal. 484; *Poirier v. Gravel,* 88 Cal. 79.)

The name of E. A. Cohen alone in the body of the guaranty does not make him the sole guarantor. Both of the defendants signed the instrument, and the averment in the complaint that both of them "made and subscribed it" destroys the contention that J. B. Cohen was only a witness to its execution. (Civ. Code, sec. 1660.)

Prior to the entry of judgment an application was made on behalf of the defendants for a change of the place of trial. They did not appear, or answer or demur, at the time the motion was made, and the court denied their motion. (Code Civ. Proc., sec. 396.) After the judgment was entered they filed a demurrer to the complaint, together with an affidavit of merits, and gave notice of a motion for an order changing the place of trial, and at the same time gave notice of a motion to set aside their default on the ground of mistake, surprise, and excusable neglect. In support of the latter motion an affidavit of their attorney was filed, to the effect that he had seasonably prepared a demurrer

and affidavit of merits with the notice of his motion and demand
for a change of the place of trial, and had instructed his clerk
to forward them to an attorney in Fresno, with directions to
have them served and filed, but that he did not discover that,
through the mistake of his clerk, the demurrer had not been sent
until after the default of the defendants had been entered.   No
affidavit of the clerk was presented showing the character of the
mistake, or from which it could be determined whether the
neglect was excusable, or why the papers had not been sent. The
court denied the motion upon the ground that, under its rules,
upon such a motion, the moving party must serve with the no-
tice of his motion a copy of the answer he proposed to file. From
this order the defendants have also appealed.

The demurrer filed by the defendants was not an "answer"
within the meaning of this rule.   The only ground stated in the
demurrer was the want of facts in the complaint sufficient to con-
stitute a cause of action, and this objection could be presented
upon an appeal from the judgment by default, and has been here
presented and found untenable.   If the complaint states a cause
of action, there is a manifest propriety in requiring a defendant,
who has suffered a default by reason of his neglect, to make it
appear to the court that he has some defense to the plaintiff's
claim, as a condition upon which he shall be relieved from his
neglect.

In their notice of appeal the defendants state that they ap-
peal also from the second order denying a change of the place
of trial, but the record contains no copy of such order.

The judgment and orders are affirmed.

Van Fleet, J., Temple, J., Henshaw, J., McFarland, J., and
Beatty, C. J., concurred.

Rehearing denied.