[No. 1602.]

BARNUM v. GREEN.

1. ACCORD AND SATISFACTION—PLEADING AND PROOF.
Where a party attempts to establish accord and satisfaction by payment of a smaller sum in settlement of a larger debt, he must allege and prove that the payment was received and accepted by the creditor in full satisfaction of the debt.

2. JUDGMENTS—ASSIGNMENT OF INTEREST—RIGHT OF ACTION.
Where a judgment creditor assigned an interest in a judgment to be paid *pro rata* as the judgment was collected, the assignee to have no right of control or interference in the management or collection of the judgment, and the judgment creditor settled with the judgment debtor, taking in payment property which he transferred, and placed it out of his power to comply with his contract of assignment, the assignee of the interest in the judgment had a right of action at once against the judgment creditor for the amount of his interest in money, and was not required to look to the property received in settlement for his interest.

*Appeal from the District Court of Arapahoe County.*

Mr. HENRY T. SALE, for appellant.

No appearance for appellee.

BISSELL, P. J.

The plaintiff Barnum prosecutes an appeal from a judgment in favor of the defendant. The complaint stated an indebtedness from Green in the sum of $2,750 with a partial payment of $200 on the 26th of March, 1895. The cause of action stated was on an assignment of an interest in a judg-

ment owned by Green which was averred to have been finally satisfied on the 5th of September, 1894, a failure to pay and a demand for judgment. Green answered and set up with considerable particularity the circumstances out of which the cause of action grew. From this answer and from the evidence it appeared Green had theretofore brought suit for Barnum against a railroad company, recovered a judgment and collected a certain sum due thereon. Not having paid his client, the parties came together to settle, and Green thereupon by an instrument of writing assigned an interest in the judgment which had theretofore been recovered in the circuit court of the United States by some of Green's clients, and in which Green had a one-third interest. He sold Barnum an interest amounting to $2,750 out of his interest in the decree and judgment thus obtained by *Wood et al. v. Wheeler et al.* in that court. The assignment recited that the money was to be paid to Barnum or his agents or attorneys as soon as the same should be paid or realized under execution against the defendants in that suit. The transfer was limited to Green's interest in the judgment and did not include any other interest which might stand in Green's name. One condition was that Green should have the full control of the case on appeal, and that the assignee should in no manner interfere with the suit, or make any suggestions about it. Barnum then gave a receipt in effect that this was a transfer to this extent of part of Green's interest in the judgment, and the assignment was accepted in satisfaction of any claim which Barnum had against Green because of the collection of the judgment in his favor against the railroad company. In Green's answer he set up this assignment and release and although he stated he was not indebted to Barnum to the extent of a dollar, and that he had fully complied with the terms of the transfer, he proceeded to aid the plaintiff in his suit by sundry averments, which as we look at them established the plaintiff's right to maintain the action and to obtain judgment against him for the unpaid balance. The aider is an express one by pleading, and the only proof which the

plaintiff would have been compelled to make to entitle him to a judgment was furnished by Green's own testimony. In his answer Green stated that he had been at all times, and still was ready and willing to pay Barnum his *pro rata* share of the judgment. It is quite true the averment is not in that specific form, being limited by its terms to a willingness to pay his *pro rata* of all money that the defendant realized or might realize under the terms and conditions of a settlement of the suit with the defendants. He further averred that he would at all times comply with the conditions of the assignment and always hold himself ready to pay Barnum his *pro rata* of whatever money he might receive. He also admitted that whenever he was paid anything Barnum would be entitled to share *pro rata* in whatever money or property he might receive on account of his fees. He denied, however, that Barnum had at the time he commenced his suit or at the time of the pleading any cause of action against him by the terms of the transfer. He denied that he had ever refused to pay a dollar of money that was due Barnum, but he did admit that he had wholly and absolutely refused to pay Barnum the balance of $2,692.50 which had been demanded before the suit was begun, and then set up as a conclusion of law that he was not bound to pay Barnum a dollar until he should receive money from the Wood and Wheeler suit, alleging the assignment not to be a contract to pay money at a fixed time, but an assignment of a certain interest in his fees to be paid as he should receive them. He also set up that neither Wood nor Wheeler had paid him any money or delivered him any stock or dividends due on it save to the extent of $10,000. He then stated that he had paid Barnum his *pro rata* share of the $10,000 under the distribution of that fund on its receipt. This fact appeared in the testimony and it was established that Green did pay over to Barnum $200 when he got the money, stating at the time that while this was a little more than Barnum was entitled to, it could be credited on the next payment which Barnum would be entitled to get on the partial or full payment of the judgment.

It is quite possible if the proof had been adequate, the defense would have been sufficient, and had it been demonstrated that the $10,000 was all Green had received Barnum would have commenced his suit prematurely.    There is another allegation in the answer which is of importance in the determination of the rightfulness of this judgment.    The defendant set up that he and the complainants in the Wood suit were compelled to take a large amount of mining property in payment and satisfaction of the decree and that the defendant and the Wood heirs made an agreement with Wheeler and the Aspen Company to take the mining property in payment of it except the $10,000 which was paid in money. This averment settles the proposition as to the satisfaction of the judgment because if it is true that the case of *Wood et al. v. Wheeler et al.* was settled and the judgment satisfied by the payment of $10,000 and the conveyance of the property, the judgment was as between these parties entirely settled and Barnum was thereupon entitled by virtue of the assignment to receive from Green his share of the money and possibly his interest in the property.    It might under some circumstances be a grave question whether Barnum could commence his suit directly for money when the suit was settled by a transfer of property.    It might likewise under other circumstances be true that Barnum's only remedy would be to wait until the property was sold or dividends received from it, and then look to Green for satisfaction of his assignment out of the money received either by way of dividends or as the proceeds of a sale.    As we look at the record this question is removed from the case by Green's own testimony. Doubtless it would have been incumbent on the plaintiff to show the affirmance of the Wood judgment and a receipt of the amount due on it, either from voluntary payment or one *in invitum* by execution in order to enable him to have judgment against Green for the balance.    In reality this was a part of the plaintiff's case respecting which according to the abstract the plaintiff offered no evidence.    It might easily be, if the defendant had been astute in the preparation of his

answer and had quietly waited for the plaintiff to make proof and given no evidence himself on the subject, the plaintiff would have failed and a judgment of nonsuit gone. Green, however, as we have already suggested not only aided the plaintiff by the allegations of his answer, but he went farther than he need to have gone and gave evidence to the proposition that he no longer held any interest in the property. He testified that he had transferred it to his four sons who held the title. By this act he barred the possibility of making any conveyance of the property in satisfaction of the assignment, and as we shall presently see by the very conveyance gave to the plaintiff a present cause of action on which he might sue, and whereon he might obtain a money judgment. We were not favored with any brief or argument on behalf of the appellee, but the matters are so clearly presented by the abstract and by the brief of counsel for the appellant, that we have had very little difficulty in reaching a conclusion.

The defendant attempted to plead an accord and satisfaction. At least there was an effort in that direction and some allegations to the point that when he paid Barnum $200 it was a full payment of the entire sum due under the assignment. The great trouble with this plea of accord and satisfaction is that, while he pleaded the payment, he neither pleaded an accord or an agreement between Barnum and himself that this sum was to be received in satisfaction, nor did he plead facts from which it could be inferred, nor did he offer any proof from which it could be found that the $200 was accepted by Barnum in satisfaction of his entire claim of $2,750. The requisites of a plea of accord and satisfaction under the code are tolerably well settled. At the common law an accord and satisfaction might be proven under the general issue. This is not true under our system, and the parties are bound not only to plead the facts by which the accord will be established, but they are bound also to plead its acceptance in satisfaction of the claim. It has always been the law that the payment of a part of a sum due is not to be

taken as a satisfaction of a debt, regardless of the form of the receipt which may be given. A larger debt cannot be liquidated by the payment of a smaller sum unless there be the full elements required by the law of accord and satisfaction. This is well settled by all the authorities. *Berdell et al. v. Bissell et al.*, 6 Colo. 162; *Williams v. Irving*, 47 How. 440; *Maze v. Miller*, 1 Wash. C. C. 328; *Renihan v. Wright*, 125 Ind. 536; *Young v. Jones*, 64 Me. 563; *Hale v. Grogan*, 99 Ky. 170; *Watson v. Elliott*, 57 N. H. 511; *Hearn v. Kiehl*, 38 Pa. 147.

Under them and the evidence in the record it is very clear there was neither a plea of accord and satisfaction nor any evidence from which it could be rightfully concluded there was ever an accord or satisfaction of this debt. The point is open to the appellant. He did not demur, yet he objected to the introduction of testimony whereby he saved the question.

It is quite clear that by the terms of the transfer of the interest in this judgment Barnum did not become a joint owner of it in the general sense, and the legal title to it was in no manner changed. 2 Black on Judgments, § 944; *Hanks v. Harris*, 29 Ark. 323.

It was a mode adopted by the parties to liquidate a debt which was due, and its legal effect created a security for the payment of the original obligation, and would have so stood if that judgment had not been released. The plaintiff, by virtue of the transfer, became entitled to share in the proceeds of the judgment, and whether or not he had a right to enforce the security or must have waited and looked to the liquidation of the judgment and its ultimate satisfaction is a question which is not presented. The situation was entirely changed by the plea of the defendant and the proof which he offered in support of his supposed defense. As we have already suggested, Green and the complainants in the Wood suit took mining property in payment of the whole judgment. Under this allegation it is quite evident the judgment in the suit of *Wood et al. v. Wheeler et al.* was

satisfied, and Green, by virtue of his interest in that judgment, got the $10,000 plus his one-third interest in the mining property, and the judgment was thus discharged. Under these circumstances Barnum, by virtue of the assignment, thereby became entitled either to his interest in the money which might be received, or to an interest in the property. Under some circumstances Barnum might have had to wait and look to the results of working the claims, or look to the proceeds of a sale of the property, if there had been no change in the situation prior to the time his suit was instituted. The defendant testified that prior to the suit he had conveyed to his four sons all his interest in the property which by the conveyance from Wheeler and his codefendants became vested in Green and the complainants in that suit. Under these circumstances it is well settled that since the plaintiff by his own act had rendered it impossible to carry out his contract, the interest to which Barnum was entitled under the transfer was thereby rendered a money interest, a sum presently due for which suit might be immediately brought. *McGillen v. Bennett*, 132 U. S. 445; *Linn v. Butler*, 8 Colo. 355; *Dill v. Pope*, 29 Kan. 289; *Wolf v. Marsh*, 54 Cal. 228; *Poirier v. Gravel*, 88 Cal. 79; *Long v. Saufley*, 79 Cal. 260.

These authorities hold that wherever there is a contract by the terms of which a party is entitled to receive money only out of the proceeds of property, either from dividends from working it or from development or sale, if the defendant put it out of his power to carry out the contract and work the property and thereby realize the fund to which the promisee is to look and out of which his pay is to come, his claim ripens into a natural demand. Under this principle it does not lie with Mr. Green to say that by the terms of the transfer Barnum was bound to look to the property or to the dividends therefrom for the liquidation of the debt. By his own conveyance he rendered it impossible either to receive dividends or profits or money whereby Barnum's claim could be satisfied. Having conveyed the property it follows that it could never become possible for a fund to be created for its pay-

ment.   When Green conveyed it, he thereupon transmuted Barnum's claim from one of interest in the property to a money demand with the right to sue the prisoner.   Under the record as it now stands, should the proof not be altered on a subsequent hearing, we see no reason why the plaintiff cannot recover.

The court reached a different conclusion and on an erroneous hypothesis, and for this reason this judgment must be reversed and the cause remanded for a new trial in conformity with this opinion.

*Reversed.*