[S. F. No. 1885.  Department One.—December 10, 1901.]

## LYMAN CARTER, Respondent, v. MORRIS G. RHODES, Appellant.

PLEADING—SUPPORT OF JUDGMENT—IMMATERIAL VARIANCE—APPEAL.— Where the complaint is sufficient, as against a general demurrer, and supports the judgment, a variance between the allegations and the proof cannot be deemed material where the appellant is not prejudiced thereby, and the judgment cannot be reversed upon appeal on that ground.

ID.—SALE OF MINE—PAYMENT FROM PROCEEDS—TRANSFER BY VENDEE—RELEASE BY VENDOR—PERSONAL LIABILITY—CONSIDERATION.—When a mine was sold, and the purchase money was to be paid out of the proceeds of the mine only, a release of the mine by the vendor, at request of the vendee, upon a sale and transfer thereof by the vendee to a third person, is a sufficient consideration for an agreement by the vendee to become personally liable to his vendor for the amount to be paid to him from the mine.

ID.—VOLUNTARY LOSS OF POWER TO PERFORM.—Independently of proof of the special contract, the vendee, by transferring the mine, voluntarily put it out of his own power to perform the original contract of purchase, or to realize anything from the proceeds of the mine, and he thereby at once became personally responsible to pay the agreed sum to the vendor.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.  A. S. Kittridge, Judge.

The facts are stated in the opinion of the court.

A. L. Rhodes, for Appellant.

John H. Yoell, R. L. McKee, and W. J. Donovan, for Respondent.

VAN DYKE, J.—The respondent, on December 24, 1894, was the owner of an interest in a certain mine known as the "Nickel Plate," and on that date he and the appellant entered into an agreement, in writing, by which it was agreed that the respondent should sell, and he did sell, to the defendant one-half interest in said mine for the sum of five thousand dollars, four thousand dollars being paid on the execution of the

agreement, and one thousand dollars balance to be paid only out of the net proceeds of the working of the one-half interest in said mineral claim conveyed; "and that in no event shall the thousand dollars or any part thereof become a personal claim against the party of the second part"—that is, the appellant. It was further provided in said agreement that the respondent should expend not less than two thousand dollars in the development of the mine, and at his own expense pay off and discharge liens and incumbrances that then existed upon the same. The terms and conditions of the agreement were kept and performed on the part of the vendor, the respondent, but before any part of the sum of one thousand dollars had been received, according to the agreement, the appellant, in the summer of 1895, became desirous of selling his said interest in the mine to one McCune, but the latter, before purchasing the same, insisted that the claim of respondent for the payment of the thousand dollars, the balance of the purchase price, should be canceled and released, and that said mine should be clear of incumbrances. The respondent claimed that if the appellant sold his interest in said mine he would become personally liable for the thousand dollars, but this was denied by the appellant. However, McCune would not buy unless the respondent released his claim on the mine, and the appellant, in order to make the sale to McCune, requested the respondent to make such release, which he did, but with the understanding that it did not release the appellant from respondent's claim, and that appellant would become personally responsible to him for the thousand dollars. Thereupon the sale was made by appellant to McCune of his interest in the mine, after the respondent had executed a release and abandonment of his interest in the mine, according to the agreement. The appellant thereafter failing and refusing to pay the thousand dollars, this action was commenced. The appeal is taken from the judgment in favor of the plaintiff in said action and from the order denying defendant's motion for a new trial.

The complaint contained two counts. A general demurrer was interposed to each, and sustained as to the first count, and appellant contends that the demurrer should have been sustained as to both counts. The complaint upon which the case was tried was sufficient against the general demurrer, and will

sustain the findings and judgment. (Code Civ. Proc., secs. 452-475.) There is not sufficient variance, if any, between the proof and the allegations in the complaint to prejudice the appellant or to justify a reversal on that ground. "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." (Code Civ. Proc., sec. 469.)

The evidence is sufficient to support the findings. There was a consideration for the obligation of the appellant to pay the thousand dollars upon the sale of his interest in the mine by the release of the respondent, in order to permit such sale. Further, by the sale of his interest in the mine, the appellant put it out of the power of the respondent to receive the thousand dollars from the net proceeds of that interest, and appellant at once became personally responsible to pay the thousand dollars. In the case of *Wolf* v. *Marsh*, 54 Cal. 228, the defendant executed to the plaintiff a written agreement, whereby he promised to pay a sum of money, when realized from the profits of certain coal mines in which he owned an interest. Before the mines had yielded any profit to the defendant he sold and conveyed his interest in them to a stranger. The court in that case say: "By so doing he voluntarily put it out of his power ever to realize any profits from the mines. However great the yield of profits from them might be after that, they could yield none to him. And the principle is elementary, that if one voluntarily puts it out of his power to do what he has agreed, he breaks his contract, and is immediately liable to be sued therefor, without demand, even though the time specified for the performance has not expired." (See, also, *Love* v. *Mabury*, 59 Cal. 484; Bishop on Contracts, sec. 1426; *Bagley* v. *Cohen*, 121 Cal. 604.) In *Poirier* v. *Gravel*, 88 Cal. 79, in an agreement to pay seventeen hundred dollars out of the net proceeds of the product of mineral, timber, and wood taken from a certain section of land, it was specified that "said sum of money to be paid only and exclusively from such products of said land as I may be entitled to, and no other property of mine shall be subject to said debt or obligation." It was alleged in the complaint in that case that the party had sold and conveyed to other persons the land and product thereof, and had not paid a part of the money which she had agreed to pay, and the

court say: "This being so, the balance unpaid became immediately due and payable, and the plaintiff could maintain an action for the recovery thereof,"—referring to *Wolf* v. *Marsh,* 54 Cal. 228, and the other cases cited.

Judgment and order affirmed.

Garoutte, J., and Harrison, J., concurred.