[Civ. No. 4802. Second Appellate District, Division One.—February 15, 1927.]

IDA MAY CARL, Executrix, etc., Respondent, v. GEORGE EADE, Appellant.

[1] CONTRACTS—PREVENTION OF PERFORMANCE—WAIVER OF DEFENSE OF NONPERFORMANCE.—One who voluntarily prevents the performance of some act upon which an obligation depends will be precluded from setting up such nonperformance as a defense.

[2] BROKER'S COMMISSIONS — PAYMENT OUT OF PROCEEDS — RECONVEYANCE BY PURCHASER—VENDOR'S LIABILITY.—Where a vendor agrees to pay the broker who effected the sale a stated commission out of a sum of money to be paid at a future date by the purchaser, and before such date the purchaser becomes insolvent and said sum is not paid when due, and thereafter the vendor enters into an agreement with the purchaser whereby a quitclaim deed to the property is made by the purchaser to the vendor's daughter and the vendor files a full satisfaction and release of the deed of trust given to secure the payment of the unpaid purchase price, said vendor prevents the purchaser from complying with the terms of his contract, and the vendor's liability to the broker follows as a matter of course.

[3] ID.—ISSUES—FINDINGS.—In an action to recover said stated commission, the trial court is justified in finding in substance that without the consent, connivance, or collusion of plaintiff (the broker), defendant (the vendor) entered into the agreement with the purchaser to reconvey the property, where the allegation in the complaint presenting such issue is not denied in the answer.

[4] ID.—INTEREST.—In such action, the plaintiff is entitled to interest on the commission due him from the date such commission became due and payable.

---

(1) 13 C. J., p. 647, n. 22, p. 648, n. 37.   (2) 9 C. J., p. 632, n. 10.
(3) 9 C. J., p. 654, n. 41.   (4) 9 C. J., p. 580, n. 48.

1.   See 6 R. C. L. 1012; 6 Cal. Jur. 436.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Fleming, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gilbert F. Wyvell for Appellant.

George M. Pierson for Respondent.

HOUSER, J.—It appears that one Fred W. Carl, as a real estate agent sold for defendant certain premises at a price of $18,000; that the terms of sale were $2,000 cash and other property, the assumption by the purchaser of a mortgage on the property amounting to $6,000 and a note and trust deed back to the seller for the sum of $10,000, of which amount $1,000 was made payable on the first day of January, 1922. The commission to be paid by defendant to said Carl for making the sale was the sum of $900, of which amount $170 was paid in cash and the agreement for the payment of the balance was represented by the following memorandum signed by the defendant:

"I hereby agree to pay to Fred W. Carl the sum of Seven Hundred and Thirty Dollars ($730) in full of commission on the sale of the property at 1717 N. Van. Ness Ave., Hollywood, Calif., the same to be paid out of the $1,000 payment to be made to me by the purchaser on Jan. 1st, 1922."

The evidence disclosed the further facts that before the first day of January, 1922, the purchaser became insolvent; that the $1,000 mentioned in the foregoing agreement was not paid on January 1, 1922, but that two days later defendant entered into an agreement with the purchaser of the property to accept from him in the name of a daughter of defendant a quitclaim deed to the property, and that some time thereafter defendant filed a full satisfaction and release of said trust deed. Because of the fact that the purchaser of the property failed to pay the $1,000 which became due on January 1, 1922, defendant refused to pay the balance of the commission in accordance with the provisions of the agreement hereinbefore set forth. On such facts judgment was ordered in favor of plaintiff, and defendant has appealed therefrom to this court.

[1]    The ordinary rule is that one who voluntarily prevents the performance of some act upon which an obligation depends will be precluded from setting up such nonperformance as a defense.

In volume 13, page 647, of Corpus Juris, the principle is laid down that "a party to a contract cannot take advantage of his own act or omission to escape liability thereon"; and in the same volume, at page 648, it is stated that "where he prevents the fulfillment of a condition precedent or its performance by the adverse party, he cannot rely on such condition to defeat his liability."

The case of *Wolf* v. *Marsh,* 54 Cal. 228, was an action on an instrument in writing by which the defendant promised to pay to the plaintiff a certain sum of money on the "understanding" that if certain coal mines yielded no profits to the promisor, then the obligation was null and void. In deciding the point the court said:

"Before the mines had yielded any profits to defendant, he sold and conveyed his interest in them to a stranger. By so doing he voluntarily put it out of his power ever to realize any profits from the mines. However great the yield of profits from them might be after that, they could yield none to him. And the principle is elementary, that 'if one voluntarily puts it out of his power to do what he has agreed, he breaks his contract, and is immediately liable to be sued therefor, without demand, even though the time specified for performance has not expired.' (Bishop on Contracts, sec. 690.)"

In the similar case of *Poirier* v. *Gravel,* 88 Cal. 79 [25 Pac. 962], an identical conclusion was reached by the court.

In the case of *Long* v. *Saufley,* 79 Cal. 260 [21 Pac. 757], it appears that the defendant promised to pay to the plaintiff a certain sum of money if the plaintiff would point out property out of which a judgment against a third person could be collected. The plaintiff pointed out the required property, but the defendant chose to compromise his claim rather than attempt to make the collection out of the property in question, and accepted a lesser sum than was due on the judgment. It was held that the plaintiff could recover the amount of money which was promised to him by the defendant.

In the case of *Bagley* v. *Cohen,* 121 Cal. 604 [53 Pac. 1117], the defendant promised to pay a certain sum of money out of the profits realized from his business. Shortly thereafter the ʟaker of the note sold his business. It was held that his liability became fixed when he voluntarily put it out of his power to make any profit out of his business. To the same effect are: *Love* v. *Mabury,* 59 Cal. 484; *Crane* v. *McCormick,* 92 Cal. 176 [28 Pac. 222] ; *Carter* v. *Rhodes,* 135 Cal. 46 [66 Pac. 985].

[2] It is apparent that on the failure of the purchaser of the property here in question to pay the $1,000 due on January 1, 1922, defendant might have "foreclosed" on his deed of trust, which course would have involved a considerable delay and some expense. However, defendant chose the cheaper and shorter method of regaining possession of the property as hereinbefore indicated. Whether by "foreclosing" on the trust deed defendant would have been relieved from his obligation to pay to plaintiff the balance due on the commission for the sale of the property is a question not before this court. We think it clear, however, that notwithstanding the insolvency of the purchaser, in legal effect defendant by his action prevented the purchaser from complying with the terms of his contract, and, accordingly, that the principle announced in the cases heretofore cited will apply. Defendant's liability follows as a matter of course.

[3] Appellant complains that the court erred in making a finding in substance that without the consent, connivance, or collusion of Fred W. Carl (the agent), defendant entered into the agreement with the purchaser to reconvey to defendant the property to which reference has been had. The issue presented by the complaint in the action of whether the conveyance was made with the "consent, connivance or collusion" of Fred W. Carl was not denied in the answer of defendant; the only matter in that respect contained in the answer being that it was denied that "defendant entered into any agreement with said purchaser by virtue of which the purchaser did not make or has not made said payment of $1,000 or any part thereof." In such circumstances the trial court was justified in making the finding to which exception is taken by appellant.

[4]   It is also suggested by appellant that the trial court erred in its conclusion that plaintiff was entitled to interest from January 1, 1922, on the amount due him as balance of his commission.   No authority is cited by appellant to sustain such position.   On the contrary, section 3287 of the Civil Code provides that: ''Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, . . . ''

No prejudicial error appearing, the judgment is affirmed.

*Conrey, P. J.,* and *York, J.,* concurred.