274 P.2d 749]

## Appellate Department, Superior Court, Fresno

[Civ. A. No. 27. Sept. 16, 1954.]

DIVISION OF LABOR LAW ENFORCEMENT, Respondent, v. MAX W. ROBINSON, Appellant.

Daniel L. Jensen for Appellant.

Leon E. Gold for Respondent.

CONLEY, J.—This is an appeal from a judgment in favor of the plaintiff, as assignee of Howard Low, on a claim for personal services. During the month of September, 1951, the assignor, a licensed real estate agent, entered into an oral agreement with the defendant to work for him as a salesman; the defendant is a duly licensed real estate broker with an office in the city of Fresno. ▉ The contract between Howard Low and Max W. Robinson provided that in the case of the sale of property listed with the defendant for which a 5 per cent sales commission was charged, Mr. Low for ''actually selling the property would receive 50%.'' It is conceded that plaintiff's assignor procured a purchaser of city realty owned by Lowell Golden with a sales price of $18,500 and that he was entitled to one-half of the 5 per cent commission on the sales price, or $462.50, unless additional facts hereafter referred to would deprive him of the right of recovery.

These alleged additional facts consist of a contention that the agreement between the broker and the salesman, by reason of a custom of the real estate business, provided that the salesman should only be entitled to his pay if there was an actual collection of the commission; that because the consideration paid for the Golden house consisted of other real property, there was not sufficient cash deposited in escrow in connection with the sale to pay any part of the earned commission; that all parties, including Low, agreed to defer payment by Golden to Robinson until the sale by Robinson's organization of another house or houses owned by Golden; that there was a later sale of another house for Golden by the Robinson office but that the cash payment in connection with the sale of the

second house was not sufficient to pay a commission on the sale of both houses; that thereafter Golden made an assignment of all of his remaining property for the benefit of his creditors and that, consequently, Golden's financial status is such that no actual further collection can presently be made against him by Robinson.

It is conceded by plaintiff that Low, as well as Robinson, agreed to a deferment of the payment of the commission until the sale of the second house. It is also established that, as a result of the sale of the second house, the defendant actually collected a commission of $842.50 from Golden, but that such sum did not equal the 5 per cent commission payable on the second sale.

At the outset it is important to consider the state of the record on appeal and the well known rules which regulate a consideration of factual matters by appellate tribunals. This appeal comes before us on an engrossed statement of facts. Findings of fact and conclusions of law were duly waived; the evidence, therefore, must be viewed in the light most favorable to the respondent; the respondent is entitled to the benefit of all reasonable inferences in his favor and if there is substantial evidence which supports the judgment, affirmance must follow, irrespective of the nature and quality of the conflicting evidence. (*Mastrofini* v. *Swanson*, 114 Cal. App.2d Supp. 848, 850 [250 P.2d 764].) As is said in *Bekins Van Lines, Inc.* v. *Johnson*, 21 Cal.2d 135, 137 [130 P.2d 421] :

"On this state of the record every intendment is in favor of the judgment, and it is presumed that every fact essential to the support of the judgment was proved and found by the court."

It was within the legitimate field of factual determination for the trial court to conclude from the evidence that the defendant became liable to plaintiff's assignor to pay him the agreed share of the commission for the services performed on the sale of the first house as soon as defendant collected an amount equivalent to or exceeding the sum of $462.50 upon the sale of the second house.

The record shows that the defendant had been the broker on a large number of real estate listings made by Lowell Golden; in this transaction Mr. Golden had placed 17 houses for sale with Mr. Robinson. Thus, the broker enjoyed a relationship with the property owner which was different from the interest which the salesman had in the sale of only one of the pieces of property. When Mr. Low completed his work

of procuring a purchaser for the first Golden house, he had a right to expect that he would receive his one-half of the 5 per cent commission without delay. At that time, however, Low agreed to defer the actual receipt of the commission until the sale of the second house. Low did not participate in the second sale; when that transaction was completed and money in excess of the amount of Low's commission was then paid to Robinson, it is a reasonable construction of the evidence on behalf of respondent that Robinson then became liable for the immediate payment of that sum to Low. It is true that a second commission became due from Golden to Robinson and his organization for the sale of the second house, but there is no principle of law or equity which would make its payment preferential as against Low.

■ If the trial court, as it would seem, had a legitimate basis to find that the payment for his services became due to Mr. Low upon the sale of the second house and the receipt therefrom by the defendant of a sum equivalent to, or in excess of, Low's commission, it would not matter at all that the defendant by agreement with Golden deferred the collection of additional monies then due him for the sale of the two houses. Low would not be bound by Robinsons' further agreement with Golden relative to deferment of payment. (*Carl* v. *Eade,* 81 Cal.App. 356, 358 [253 P. 750]; *Bagley* v. *Cohen,* 121 Cal. 604 [53 P. 1117]; *Wolf* v. *Marsh,* 54 Cal. 228; *Hale* v. *Brown,* 211 Ala. 106 [99 So. 645]; *Nelson* v. *Abraham,* 29 Cal.2d 745, 751 [177 P.2d 931].)

As there is substantial evidence to support the conclusion of the trial court that plaintiff was entitled to recover, it is ordered that the judgment appealed from be, and it hereby is, affirmed.

Shepard, P. J., and Kellas, J., concurred.