OPINION of the Court, by
Judge Owslev-—
Combs being the ower of a tract of land, with a cabin and other improvements thereon, on the 10th day of January, 1806, sold the same to Fisher, and promised to deliver possession thereof to Fisher, in the same situation it then was, against the first day of January next thereafter. To recover the amount of an obligation executed by Fisher in part pay for the land and improvements, Combs prosecuted suit and obtained judgment in the Casey circuit court. 'For the purpose of obtaing relief against that judgment, Fisher exhibited his bill in chancery, alleging the purchase of the land and improvements aforesaid, the promise of Combs to deliver possession in the same situation it was when the purchase was made, &c. and charges that the place was not delivered in that situation, but that the cabin was burned and a number of rails destroyed, See. He prayed and obtained an injunction on the judg *52 ment at law, and asked for general relief. The injunction was dissolved ; but on a final hearing of the cause, the circuit court decreed compensation for the cabin and rails, the value whereof was ascertained by the verdict of a jury. From which decree this writ of error has been prosecuted. We think the decree of the circuit court correct. The evidence in the cause satisfactorily proves the promise on the part of Combs to deliver possession of the place in the same situation it was when Fisher purchased, and that the cabin was burned and rails destroyed before possession was delivered. Combs’ express promise therefore should be binding on him. The circumstance of the cabin having been burnt by-accident, as is urged by Combs, cannot relieve him from bis express undertaking. For wherever the covenant is express, there must be an absolute performance* nor can it be discharged by any collateral matter whatever — Esp. N. P. 270. The objection to the smallness of the amount in controversy we think not entitled to any weight. The cause was finally tried on the bill, answer, &c. No objections were taken to the jurisdiction by plea in abatement, nor does any exist on the face of the bill j upon such a state of pleadings, no objection to the jurisdiction can be maintained on the final hearing of the cause. — —Decree affirmed.