Calhoon vs. Belden.

CASE 54—PETITION EQUITY—SEPTEMBER 16.

# Calhoon vs. Belden.

APPEAL FROM MARION CIRCUIT COURT.

1. Belden and Calhoon made an executory exchange of houses and lots, to be consummated in November, 1862—possession was mutually delivered *before the day fixed by the contract, and before that day* the house obtained from Calhoon *was destroyed by fire* while occupied by, but without the fault of, Belden's family. In a suit by Calhoon for a specific performance of the contract by conveyances, Belden denied the sufficiency of Calhoon's title, and claimed a rescission. The contract is rescinded, because of Calhoon's failure to establish such a title as Belden was bound to accept.

2. The legislative act establishing the town of Bradfordsville, is a conclusive recognition of a grant by the Commonwealth of the legal title thus appropriated; and therefore, in showing a derivative title to a lot in said town, the production of a patent was not necessary.

3. Allegations, in a cross-petition, that plaintiff *had not a good title*, is tacitly admitted by a failure to answer.

4. The burning of the records of the clerk's office legalized secondary evidence, yet it did not dispense with the original conveyances or proven copies.

5. The defendant is not bound to accept plaintiff's conveyance, without such proof of it as will arm him with the recorded means of vindicating its validity in after times.

ROUNTREE & FOGLE,                    For Appellant,

CITED—

1 *Metcalfe*, 192; *Sinking Fund vs. Northern Bank.*

3 *Mon.*, 76; *Moredock vs. Rawlings.*

2 *Duvall*, 182; *Duvall vs. Parker.*

1 *Marshall*, 406, *and* 153; 2 *Duvall*, 314.

*Session Acts* 1835, *p.* 68.

Calhoon vs. Belden.

W. B. HARRISON,                                    For Appellee,

CITED—

17 *B. Mon.*, 520 ; *Andrews vs. Ward.*

7 *B. Mon.* ; *Jarboe vs. McAtee's heirs.*

5 *Cranch*, 278 ; *Hepburn vs. Auld.*

5 *Mon.*, 88.

6 *Peters* ; *Watts vs. Waddle.*

1 *Coke*, 50.

*Tomlin's Law Dictionary, title, Exchange.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The parties in this case, each occupying and claiming to own a separate house and lot in the village of Bradfordsville, Marion county, Kentucky, made an executory exchange, to be consummated in November, 1862.

Afterwards, the appellee, Belden, went into the army, and, for the accommodation of his family in his absence, possession was mutually delivered to the party entitled thereto before the day fixed therefor by the contract; but, before that day, and while Belden's family was occupying the house obtained from Calhoon, it, with its contents, was consumed by fire, without any fault imputed to the occupants; and, on the 5th of July, 1863, General John Morgan's Confederate army destroyed by fire the clerk's office of Marion, and all its records and archives.

In this suit, afterwards resulting, Calhoon seeks a specific execution of the written contract, and Belden claims a rescision.

The circuit court finally decreed a rescision of the contract for adjudged want of title in Calhoon to the property delivered to Belden.

That decree, now before us for revision, presents several interesting questions, of which we will notice

only such as we deem essential to the affirmance of the judgment as rendered.

The house which was burnt was worth about six hundred dollars, and the lot was not worth twenty dollars. Yet, if Calhoon's title had been such as Belden would have been bound to accept, and that was impliedly a perfect legal title, then, as Belden held the beneficial interest, the loss, resulting from the destruction of the house, must have fallen on him, and, in no degree, on Calhoon, who would, nevertheless, be entitled to a specific performance of the contract; and, on that hypothesis, the decree for rescission was wrong; but if, for want of title, Calhoon would not have been entitled to an enforcement of the contract, even if the house had not been destroyed, then Belden had a right to restitution, and the consequential loss must fall on Calhoon.

The legislative act establishing the town of Bradfordsville is a conclusive recognition of a grant by the Commonwealth of the legal title to the land thus appropriated; and therefore, in showing a derivative title in Calhoon, the production of a patent was not necessary; but, assuming a grant, all the links of the chain of title are not shown. Calhoon, while he tenders a conveyance, does not either exhibit continuous documents of legal title, or even allege that he has such title; but, by failing to answer Belden's cross-petition, he tacitly admitted its allegation that he had not a good title; and, if he had alleged title, his testimony fails to prove it. His oral evidence of several successive sales of the lot is insufficient, without record or documentary proof of all the consecutive transfers of title down to himself; and, though the burning of the records legalized secondary evidence, yet it did not dispense with the original

Calhoon vs. Belden.

conveyances as proven copies; and, in this respect, there are fatal defects in the testimony, and especially as to the alleged relinquishments of dower, of which there is no proof that there ever were such records as the law requires.

If, in fact, Calhoon's title be perfect, Belden is not bound to accept his conveyance without such proof of it as will arm him with the recorded means of vindicating its validity in after times; and there is no such proof, or even allegation, in this case. He cannot, therefore, be entitled to a specific execution of the contract, but is equitably bound to take back the damaged lot, and restore to Belden that which was exchanged for it. As the contract implied that perfect titles were to be interchanged and guaranteed, a rescission is the inevitable consequence in equity.

Wherefore, the judgment is affirmed.