[No. 2,231.]

## MAX ENGLANDER *v.* J. P. ROGERS.

OBLIGATIONS OF PARTIES TO CONTRACT.—The obligations of the parties to an agreement for the sale of land are mutual and dependent, where one is to convey, and the other at the same time to pay the purchase money; and neither can put the other in default, except by tendering a performance on his part, unless the other party waives the tender, or by his conduct renders it unnecessary.

CONTRACT—AVERMENT IN COMPLAINT.—If a party pay a sum as part of the purchase money for land, under an agreement that the sum paid shall be retained by the vendor in case he shall convey a good title to the vendee, the latter, in order to maintain an action to recover the amount paid, must aver in his complaint a tender of the unpaid portion of the purchase money, or give some sufficient excuse for the omission to tender it.

INSUFFICIENT COMPLAINT.—In such a case, an averment that the plaintiff has been ready and willing, and has offered to accept a conveyance accord-

ing to the agreement, and to pay the balance of the purchase money, is not an averment that he tendered the purchase money.

VALID TENDER OF PURCHASE MONEY.—To constitute a valid tender, the party must have the money at hand, immediately under his control, and must then and there not only be ready, and willing, but produce and offer to pay it to the other party, on the performance by him of the requisite condition.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The complaint alleges that the plaintiff, on the 9th of May, 1867, entered into an agreement with the defendant to purchase from him a lot of land in San Francisco, for two thousand two hundred dollars, and paid him four hundred and eighty-one dollars and eighty-five cents as part of the purchase money, to be retained by the defendant if he should convey a good title to the plaintiff, but to be returned if the defendant should fail to make such a conveyance; that the defendant failed to convey the premises according to the agreement, although the plaintiff had waited a reasonable time—six months—and had been "ready and willing during all the time aforesaid, and offered to accept and take said conveyance, pursuant to said agreement, and to pay the balance of said purchase money;" and that on the 21st of November, 1867, the plaintiff demanded a return of the amount paid to defendant, but the defendant refused to return it. The complaint demands judgment for the four hundred and eighty-one dollars and eighty-five cents. The defendant demurred to the complaint that it did not state facts sufficient to constitute a cause of action, and specified as one of the particulars of insufficiency that it failed to show the plaintiff had, prior to the bringing of the action, tendered to the defendant the portion of the purchase money remaining unpaid. The demurrer was overruled, and the plaintiff had judgment. From the judgment and an order denying a new trial the defendant appealed.

*James B. Townsend,* for Appellant.

The complaint is insufficient, because it does not show that the plaintiff ever, prior to the commencement of this action, tendered to the defendant the balance of the purchase money, demanding such conveyance. (Dart. on Vend. and Purch. *449, *450, note 2, and cases therein cited, and *451.)

*James C. Carey* and *Julius George,* for Respondent.

By the Court, CROCKETT, J.:

The demurrer to the complaint ought to have been sustained. On the facts averred in the complaint, the payment of the remainder of the purchase money by the plaintiff, and the execution and delivery of a proper deed of conveyance by the defendant, were concurrent acts, to be simultaneously performed. The covenants of the vendor and vendee were mutual and dependent, and neither could put the other in default, except by tendering a performance on his own part, unless the other party either waived the tender, or, by his conduct, rendered it unnecessary. To entitle the plaintiff to maintain the action on the contract set out in the complaint, he should have averred a tender of the unpaid portion of the purchase money, or some sufficient excuse for the omission to tender it. The only allegation of the complaint on this point is that the plaintiff "has been ready and willing during all the time aforesaid, and has offered to accept and take said conveyance, pursuant to said agreement, and to pay the balance of said purchase money." This is not an averment that he tendered the purchase money. To constitute a valid tender in such a case, the party must have the money at hand, immediately under his control, and must then and there not only be ready and willing, but produce and offer to pay it to the other party, on the performance by him of the requisite condition. (15 Wend. 637; 6 id. 22, n. a. 35;

*Strong* v. *Blake*, 46 Barb. 227.)   There is in this complaint no sufficient averment of a tender, nor of any excuse for the omission, and the demurrer ought to have been sustained on this ground.

Judgment reversed and cause remanded, with an order to the Court below to sustain the demurrer to the complaint.