CASE 66—PETITION EQUITY—MAY 5.

# Marks v. Tichenor.

APPEAL FROM M'LEAN CIRCUIT COURT.

VENDOR AND VENDEE—DESTRUCTION OF BUILDINGS BY FIRE.—In the sale of land it becomes the real property of the vendee from the delivery and acceptance of the written contract, and the destruction, by fire, of buildings on the land, between the time of the contract of sale and the time fixed upon for the delivery of possession, must be the loss of the vendee, unless there was an *express* contract by the vendor to deliver the land with the buildings thereon in the same situation as when the sale was made, or unless the buildings were destroyed by the culpable negligence of the vendor.

In this case a supplemental contract by the vendor to cover the house, and put two coats of paint on the outside, and deliver the same to the vendee by a certain time, is held *not* to have been an *express* agreement by the vendor to assume the risk of the destruction of the buildings by fire.

OWEN & ELLIS AND W. B. NOE FOR APPELLANTS.

Brief not in record.

JEP. C. JONSON FOR APPELLEE.

The purchaser of real property by executory contract is the equitable owner of it, and has to sustain any accidental loss of buildings on the

premises that may occur after the purchase, and before the convey-
ance of the legal title, unless there be an agreement by the vendor to
deliver the property *in the same condition* as when the purchase was
made. (Coombs v. Fisher, 3 Bibb, 51; Johnson and Wife v. Jones,
12 B. M., 328; Sugden on Vendors, 174; 2 Pow. on Contracts, 61;
Payne v. Miller, 2 Ves., Jr., 349; Gen. Stats., chap. 63, art. 1, sec. 26.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee having sold and, by deed executed October
24, 1884, conveyed to appellants three tracts of land
adjoining and constituting one farm, instituted an ac-
tion to recover judgment on the notes given for the
purchase money, and to subject the land to satisfy it.

In defense, appellants state that the deed as written
does not contain the whole contract entered into between
the parties, but a portion of it was by mistake omitted,
and that they accepted the deed upon the condition
of the execution by appellee of the following writing,
which embraces the omitted part :

"I have this day sold to James A. and Samuel C.
Marks my farm, known as the Daniel McFarland farm.
I agree to cover said house and put two coats of paint
on the outside and deliver the same to said parties by
or on the first day of January, 1885 ; eleven thousand
of the shingles is to be hand-shaved shingles, and the
remainder to be cut shingles. I also agree to furnish
as much as two hundred feet of sheeting, if needed on
said house, and if any more is needed said Marks is to
furnish it.

"T. C. TICHENOR."

It is farther stated that about November 29, 1884,
the dwelling-house mentioned was destroyed by fire, in
consequence of which appellee never did deliver it, and
they therefore ask that the notes sued on be credited

by the value of the house, which they aver was one thousand dollars.

It is stated in the reply, and not controverted, that at the time of the sale of the land it was in the possession of a tenant of appellee, whose term did not expire until January 1, 1885, of which fact appellants were aware, and that time for delivering possession was agreed on in view of such tenancy.

In the sale of land, it becomes the real property of the vendee from the execution, delivery and acceptance of the written contract. "It is vendible as his, chargeable as his, and capable of being devised or descending as his." Consequently, it is a well-established and reasonable rule that the destruction of buildings thereon by fire between the time of such contract of sale and the time fixed upon in the contract for the delivery of possession by the vendor to the vendee, must be the loss of the latter and not of the former. (Calhoon v. Belden, 3 Bush, 674.)

There are only two exceptions to this rule. The first is when, as was the case in Combs v. Fisher, 3 Bibb, 51, there is an express contract to deliver the possession of the land, with the improvements or buildings thereon, in the same situation as was the case when the sale was made.

The second is when, as was the case in Cornish v. Strutton, 8 B. M., 586, the building has been destroyed by the culpable negligence of the vendor.

There is no allegation or proof that the destruction of the dwelling-house in this case was caused by the negligence of the vendor, or any other person. Nor do we think the contract, fairly construed, amounts to

an express agreement by the vendor to assume the risk of the destruction of the buildings by fire.

The purpose of the supplemental contract executed by appellee was to provide for the repair by him of the house as therein agreed, and which the evidence shows he did do, but not to insure it against destruction by fire, or to shift the risk from appellants to himself. He simply covenanted to deliver possession, without any express undertaking to sustain any loss that might arise from the burning of the house.

Judgment affirmed.