[Civ. No. 267. First Appellate District.—November 23, 1906.]

## S. GOLDSTEIN, Appellant, v. GEO. A. HENSLEY et al., Respondents.

VENDOR AND PURCHASER—CONTRACT OF SALE—GUARANTY OF TITLE—IMPLIED TERMS—GOOD, SUFFICIENT, CLEAR AND UNENCUMBERED TITLE. A contract to convey lots described for a price received, "title guaranteed," contains the implied representation and agreement that the vendors have a good and sufficient title to the lots, and that they will execute a proper deed of conveyance of the whole title thereto, free from litigation, palpable defects and grave doubts, fairly deducible of record and unencumbered.

ID.—RESERVATIONS IN DEED — PRIVATE EASEMENTS—ENCUMBRANCE—NONCOMPLIANCE WITH CONTRACT.—A reservation in the deed executed by the vendors of important rights and easements for private purposes shows a title encumbered thereby, and does not comply with the contract.

ID.—REQUEST TO MAKE AND RECORD DEED—IMPLIED AGREEMENT FOR GOOD TITLE—NONACCEPTANCE—ACTION FOR BREACH.—A request by the purchaser to the vendors to make out a deed and place it of record, if made, was upon the implied understanding and agreement that such deed would convey a good and valid title to the property described in the contract, and the purchaser cannot be held to have accepted a deed, recorded without his knowledge, which did not convey the title bargained for, which he never saw, was never sent to him nor placed in his possession, and of which he had no information until after a suit was brought by him for damages for breach of the contract.

ID.—FINDINGS UNSUPPORTED.—*Held,* that the findings for the defendants are unsupported by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Appellant.

Welles Whitmore, and R. M. Smith, for Respondents.

COOPER, J.—This is an action to recover damages for alleged breach of a contract to convey real estate. The findings were for defendants, and judgment was thereupon entered. This appeal is from the judgment and the order denying plaintiff's motion for a new trial.

There is no question as to the facts that the plaintiff paid to the defendant the sum of $600 on April 14, 1904, being the purchase price for lots 12 and 45 in block 7 in San Bruno Park, and that defendants agreed to give the plaintiff a deed to said premises. Defendants claim that they did make, execute and deliver the deed as they agreed to do, and the court found that they did so, and that they complied with their contract. This finding is challenged as not being supported by the evidence, and we are of opinion that the contention will have to be sustained. It may be conceded that the evidence is sufficient to show that a deed was, by the previous request of plaintiff, sent to the county recorder of the county of San Mateo and placed of record, and that under the circumstances of this case the evidence was sufficient to show a delivery of the deed which was recorded, but such delivery was not a delivery of the deed called for by the contract, because no such deed was executed. The receipt for the purchase price was as follows:

"Apr. 14th, 1904.

"Received from S. Goldstein the sum of six hundred ($600) dollars, being deposit and part payment on purchase of two lots in San Bruno Park this day sold to him for the sum of $600.00. Title guaranteed.

"Lots applied for, Lots 12-45, Block 7.

"GEO. A. HENSLEY,

"Agent for Hensley-Green Co."

This memorandum contained the implied representation that defendants had a good and sufficient title, and that they would execute a proper deed of conveyance transferring such title. The title tendered, under such agreement to convey,

must have been free from litigation, palpable defects and grave doubts, fairly deducible of record and unencumbered. Without discussing the meaning of the words "title guaranteed," it is plain that by it the defendants impliedly agreed to convey a good and sufficient title. It will be presumed that defendants intended, and by implication agreed, to convey all of the said lots and all their interest therein. The deed that was placed of record does not purport to convey the said lots in fee, but reserved certain rights for the use of defendants. The reservation is as follows: "Reserving, however, the exclusive right to construct, operate and maintain street or other railroads through, across, or upon the streets bounding said property, or that may be laid out thereon; said railroads to be operated by such power as to first parties may seem proper; also to lay, operate and maintain through, across and upon said streets, such gas, water and other mains, conduits for electricity, wires or cables as to the first parties may seem proper." This conveyed the property subject to the right of defendants to operate and maintain railroads, to lay and operate gas, water and other mains, conduits for electricity wires, or cables, across or upon the streets bounding the said property. Not only does the reservation apply to the use of the streets bounding said property, but applies to all streets that may in future be laid out thereon. Whether or not the streets, in any event, might be used by public service corporations, or individuals engaged in such business, in supplying the town or the community with necessary means of transportation, gas, electricity, or water, need not be discussed. It is sufficient to say that the reservation in this deed is for the grantors, the defendants here. It is a reservation as to important rights and easements for private purposes. It is a reservation as to land agreed to be conveyed, that has never been laid out or used as a public street, but that may at some future day be so used. The agreement to convey contains no such reservations, and the deed recorded does not comply with the contract. The finding of the court is not to be given broader scope than the probative facts therein set forth, and hence the deed does not show that a good title was tendered, but, on the contrary, shows a title encumbered by important reservations of rights in the grantors.

It may be conceded that if plaintiff had accepted the deed it would have superseded the contract, but he did not accept it. The request to make out a deed and place it of record, if made, was upon the implied understanding and agreement that such deed would convey a good and valid title to the property described in the agreement. Plaintiff cannot be held by the mere fact of the deed being recorded without his knowledge to have accepted the deed, which did not convey the title he bargained for. He went to the office of defendants and made demands for the deed at different times, but did not succeed in securing it. Royce, one of the plaintiff's attorneys, went to the defendants a few days after the plaintiff had paid the money and received his receipt, and demanded a deed for plaintiff. He was informed that defendants would not make a deed under any circumstances, but would fight the case through all the courts. Lewis, the other attorney of plaintiff, went to defendants on another occasion, and demanded a deed for plaintiff, but defendants refused to give such deed, and stated that they would not make the deed. Although defendant Smith testified that plaintiff requested defendants to have the deed recorded "and let him know," it does not appear that defendants ever notified the plaintiff that the deed had been made or recorded until after the action was brought. Plaintiff never saw the deed; it was never sent to him or placed in his possession. The first time that plaintiff learned anything about a deed having been made out or recorded was a short time before the trial, when plaintiff's attorney went to defendants' office to see if any compromise could be made, and then defendant Smith said to plaintiff's attorney "I suppose you know about that deed," and then told him that defendants had executed and recorded the deed. Under such circumstances it cannot be held that plaintiff accepted a deed that he had never seen, that did not comply with his contract, that was placed upon record without his knowledge, and of which he had no information until long after this action was commenced. It must be held that the deed was not the deed to which the plaintiff consented that it be recorded, and that plaintiff has never accepted the deed which was placed upon record.

It becomes unnecessary to discuss the value of the property. The finding that defendants "did not refuse to make,

execute or deliver a deed to said property," not finding support in the evidence, necessitates the reversal of the case.

The judgment and order are reversed.

Hall, J., and Harrison, P. J., concurred.