[Civ. No. 597. First Appellate District.—May 26, 1909.]

## D. CABRERA, Appellant, v. CLYDE S. PAYNE and CHARLOTTE E. PAYNE, Respondents.

CONTRACT TO SELL LAND—PERFECT TITLE OF RECORD—LOSS OF RECORDS—ACTION BY PURCHASER FOR RETURN OF DEPOSIT.—Under a contract to sell land in San Francisco, upon which the purchaser made a deposit, and which gave him twenty days in which to examine title, and, if found defective, the vendor was to perfect it within

ninety days, and if not perfected within that time the deposit was to be returned, the purchaser was entitled to a good or perfect record title, and when such title of record was impossible by reason of the destruction of the public records by fire, and could not be restored by the vendor within the time limited, the purchaser was entitled to reclaim the deposit, unless he abandoned the contract, or brought his action prematurely.

ID.—CONTRACT NOT REPUDIATED BY PURCHASER—RIGHTS UNDER CONTRACT—ABSENCE OF ESTOPPEL.—*Held,* that there is nothing in the record which can be construed as an abandonment or repudiation by the purchaser of the contract on his part; but that, even if he did not intend to take the property under any circumstances, he had the right to rely on the imperfect condition of the record as an excuse for avoiding the contract, where it appears that he did not mislead the defendant, nor do anything which could be held to estop him from insisting upon a strict compliance with the terms of the agreement.

ID.—ACTION BY PURCHASER TO RECOVER DEPOSIT NOT PREMATURE—REPUDIATION OF CONTRACT BY VENDORS—INABILITY TO PERFORM.—The action by the purchaser to recover the deposit before the expiration of the ninety days was not prematurely brought, where it appears that the defendants, a few days after notice by plaintiff of objection to their title, as not appearing of record, under the pretext that plaintiff was compelled to accept the report of a title insurance company on the title, tendered plaintiff a deed of the land and stated that that was all that would be done for him under the contract, which, coupled with their inability to obtain a record title within the ninety days, worked a repudiation of the contract, and gave to plaintiff the right to have his deposit returned immediately.

ID.—TENDER OF PERFORMANCE BY PLAINTIFF NOT REQUIRED.—Tender of performance by plaintiff of the conditions of the contract on his part was, under the facts of the case, unnecessary to entitle him to recover back the deposit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Chas. S. Peery, for Appellant.

Marshall Nuckolls, for Respondents.

KERRIGAN, J.—This is an action to recover $1,000, a deposit paid upon the purchase price of a certain piece of

real property in San Francisco. Judgment was entered, denying plaintiff any relief, and in favor of the defendants for their costs, from which judgment and from the order of the court denying his motion for a new trial plaintiff appeals.

Under the terms of the contract the purchaser was given twenty days from February 7, 1907, within which to examine the title to the property and consummate the purchase, and if the title was found to be defective the vendors were to have ninety days in which to perfect it, and if not perfected within that time the deposit was to be returned. Time was made of the essence of the contract.

Within the twenty days allowed for the examination of title plaintiff rejected it, both orally and in writing, upon the ground, among others, "that the records of the City and County of San Francisco do not show any valid title to said property in said Clyde Payne or Charlotte Payne, and that there is no public record of said property whatever in said City and County." (The other written grounds of objection were subsequently waived.) About a month later, and before the expiration of the ninety days given to the vendors to perfect title, the plaintiff commenced this action for the return of the deposit.

Under the contract the purchaser was entitled to a good or perfect record title. (*Bates* v. *Howard,* 105 Cal. 173, [38 Pac. 715]; *Goldstein* v. *Henley,* 4 Cal. App. 444, [88 Pac. 507]; *Gwin* v. *Calegaris,* 139 Cal. 384, [73 Pac. 851]; *Hooe* v. *O'Callaghan, ante,* p. 567, [103 Pac. 175]; *Title Document R. Co.* v. *Kerrigan,* 150 Cal. 289, [119 Am. St. Rep. 199, 88 Pac. 356]; *Calhoon* v. *Belden,* 3 Bush (Ky.), 674.) But as the public record of the title had been destroyed by the great fire in San Francisco in April, 1906, and could not be restored within ninety days, either under the "Act to provide for the establishment and quieting of title to real property in case of the loss or destruction of public records—the so-called McEnerney Act" (Stats. 1906 (Ex. Sess.), p. 78), or otherwise, the plaintiff was entitled to the return of his deposit unless, as is claimed by defendants, he abandoned the contract, or has brought this action prematurely.

There is in the record testimony of a conversation between the plaintiff and the agent of the defendants, and also expressions in a letter from plaintiff's attorney to the defendants' agent, which lend color to the suggestion of the defendants that plaintiff would not have taken the land even if the title thereto had been perfect; but we do not think there is anything either in the letter or in the conversation which can be construed as an abandonment or repudiation by plaintiff of the contract. It may be that plaintiff did not intend to take the property under any circumstances, but even so, he had a right to rely on the imperfect condition of the record as an excuse for avoiding the contract; and, as we view the record, plaintiff did not mislead the defendants, or in fine do anything which could be held to estop him from insisting upon a strict compliance with the terms of the agreement.

Upon the question of whether or not the suit was prematurely commenced, it was brought before the expiration of the ninety days after objection to the title. If the defendants had repudiated the contract, or voluntarily put it out of their power to perform, or if the contract had been by the act of God or of the law rendered impossible of performance, a right of action would have accrued to plaintiff immediately, and without waiting for the day of performance fixed in the contract. (*Garberino* v. *Roberts,* 109 Cal. 125, 128, [41 Pac. 857] ; 29 Cyc. 927; *Burks* v. *Davies,* 85 Cal. 113, [20 Am. St. Rep. 213, 24 Pac. 613] ; 24 Am. Ency. of Law, 643; *Poirier* v. *Gravel,* 88 Cal. 79, 82, [25 Pac. 962] ; *Norris* v. *Moody,* 84 Cal. 143, 146, [24 Pac. 37] ; *Scovell* v. *McMahon,* 62 Conn. 378, [36 Am. St. Rep. 350, 26 Atl. 479, 21 L. R. A. 58].) Here the contract was not impossible of performance within the ordinary legal meaning of that term, nor did the defendants do anything to disqualify or disable them from performing it; but the defendants, a few days after notice of objection to the title, under the pretext that plaintiff was compelled to accept the report on the title of a certain title insurance company, tendered plaintiff a grant, bargain and sale deed of the land, and told him that this was all that would be done for him under the contract. And indeed nothing further was done, doubtless for the very simple reason that it was impossible, as we have seen, to in-

augurate and complete the necessary proceedings for restoring the record of the title within the stipulated ninety days. The inability of the defendants to comply with the terms of their contract, together with their conduct just noted, worked the same effect, we think, as an absolute repudiation of their contract, and gave to the plaintiff the right to have his deposit returned to him immediately. Defendants not having returned it, and declining to do so, we think suit would lie for its recovery without waiting for the expiration of the ninety days allowed in the contract to perfect title.

Tender of performance by plaintiff of the conditions of the contract on his part was of course, under the facts of this case, unnecessary. (*Merrill* v. *Merrill,* 95 Cal. 337, [30 Pac. 542].)

The judgment and order are reversed.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 22, 1909.