[Civ. No. 930.  First Appellate District.—March 11, 1912.]

# WILLIAM P. McDERMOTT, Respondent, v. THOMAS CATFIELD and EDWARD G. VINZENT, Copartners, etc., Appellants.

Contract to Sell Land in San Francisco—Deposit—Destruction of Records in Two Days — Unmerchantable Title — Action for Money Had and Received.—Where a contract to sell and purchase land in San Francisco was made April 16, 1906, and $500 was paid on account of the price under an agreement allowing the purchaser twenty days to examine the title, and if found defective, the seller was to be allowed thirty days in which to perfect the title, in default of which the deposit was to be returned, and by the destruction of the records of San Francisco by fire April 18, 1906, a merchantable title under the terms of the contract was rendered impossible, the purchaser had the right to disaffirm it and recover the deposit in an action for money had and received.

Id.—Notice of Defective Title Under the Contract not Required—Defective Notice Immaterial.—Upon the destruction of the records before anything was done under the contract beyond the payment of the money, no notice of defective title mentioned in the contract to be given by the purchaser within twenty days was necessary, as it would have been an idle and useless act, which the law never requires; and it cannot be held, under the circumstances of the case, that a defective notice would disentitle the purchaser to the return of his deposit.

Id.—Abandonment or Mutual Rescission of Contract not Required to Maintain Action by Purchaser.—The evidence in the case was not required to show an abandonment or mutual rescission of the contract by both parties, in order that the purchaser may maintain an action of money had and received to recover the deposit. It is sufficient to sustain the action that the evidence shows that the title was essentially defective, and that it was impossible for the vendor to remedy the defect and convey a perfect title.

Appeal from Judgment not Taken in Time—Dismissal.—An appeal from the judgment not taken in time must be dismissed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial.  George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Dorn & Dorn & Savage, for Appellants.

Breen & Kelly, for Respondent.

KERRIGAN, J.—This is an action for money had and received, to recover $500, a deposit paid upon the purchase price of a parcel of real estate.

On or about the sixteenth day of April, 1906, plaintiff agreed in writing to purchase a certain described piece of real estate in the city and county of San Francisco, and he paid to the defendants on account of the price thereof the sum of $500. The agreement in effect provided that he should have twenty days in which to examine the title and consummate the sale. If the title was found to be defective, the seller was to be allowed thirty days after notice thereof to perfect the same, in default of which the deposit was to be returned.

At the trial it was admitted by the parties that on the eighteenth day of April, 1906, the records in the office of the county recorder of the city and county of San Francisco were destroyed by fire, so that after said conflagration there existed no record title to said property.

No notice of defective title was given by plaintiff, but on June 15, 1906, he caused notice of cancellation to be served on the defendants, based upon what may be conceded to have been untenable grounds. Accompanying this notice of rescission was a demand upon defendants for the return to plaintiff of the $500 deposit.

Judgment for plaintiff was entered as prayed, from which defendants appeal, as also from an order denying their motion for a new trial.

The record having been destroyed, it was impossible for the defendants to convey to plaintiff a merchantable title within the time contemplated by the contract. Consequently notice of defective title mentioned in the contract was not necessary in order to entitle the plaintiff to maintain this action. Such notice would have been an idle and useless act, which the law never requires. (*Title Document Co.* v. *Kerrigan,* 150 Cal. 289, [119 Am. St. Rep. 199, 8 L. R. A., N. S., 682, 88 Pac. 356] ; *Hooe* v. *O'Callaghan,* 10 Cal. App. 567, [103 Pac. 175] ; *McCroskey* v. *Ladd* [Cal.], 28 Pac. 216; *Cabrera* v. *Payne,* 10 Cal. App. 675, [103 Pac. 176] ; *Read*

v. *Walker,* 18 Ala. 323; *Pate* v. *McConnell,* 106 Ala. 449, [18 South. 98].)

As, under the circumstances of this case, no notice was required, it cannot be held that a defective notice would disentitle the plaintiff to the return of his deposit.

It is asserted that the evidence in the case does not show that there was an abandonment or mutual rescission of the contract, and therefore, so it is argued, this action, being one for money had and received, cannot be maintained. As the evidence shows that the title was defective, and that it was impossible for the owner within the time prescribed by the contract to remedy the defect and convey a perfect title, the plaintiff was at liberty to disaffirm the contract, and entitled to sue for the deposit in this form of action. (2 Ency. of Pl. & Pr. 1018, 1019, and note on p. 1019; *Daly* v. *Bernstein,* 6 N. M. 380, [28 Pac. 764]; *Demesmey* v. *Gravelin,* 56 Ill. 93.)

The appeal from the judgment was not taken in time, and is hereby ordered dismissed. The order denying a new trial is affirmed.

Lennon, P. J., and Hall, J., concurred.