[Civ. No. 1170.    Third Appellate District.—October 30, 1913.]

W. I. REED; Respondent, v. W. V. WITCHER et al., Defendants and Appellants, and ALICE S. BLAKE, Trustee, Defendant.

VENDOR AND VENDEE—RECOVERY OF DEPOSIT—TENDER OF BALANCE OF PURCHASE PRICE AS CONDITION PRECEDENT.—The rule that one who has contracted to purchase real property and has paid a deposit thereon, cannot recover his deposit without tendering payment of the balance of the purchase money, is applicable only where neither the pleadings nor the evidence present an excuse for not making tender of the full purchase price.

ID.—ACTION TO RECOVER DEPOSIT—DELAY IN DEMAND—TENDER OF BALANCE.—Where a contract for the purchase of real estate provides that if the title is found imperfect and cannot be perfected within ninety days the agreement shall be terminated and the deposit returned, and the vendor is unable to make title, not only within the ninety days, but, if at all, for a long time thereafter, the vendee does not lose his right to recover the deposit by not demanding a return of the money and declaring the contract at an end until a few days after the expiration of the ninety days, and he is not required to tender the balance of the purchase price.

APPEALS from a judgment of the Superior Court of Alameda County and from an order refusing a new trial.   Henry C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

Mastick & Partridge, and J. M. Mannon, Jr., for Appellants.

C. L. Colvin, and F. E. Whitney, for Respondent.

CHIPMAN, P. J.—Plaintiff commenced this action to recover a deposit of two thousand five hundred dollars paid on account of the purchase price of certain real property situated in the city of Oakland.   Plaintiff had judgment and defendants' motion for a new trial was denied.   Appeals have been taken from the judgment and from the order denying the motion for a new trial.

The nature of the contract and the issues presented in the pleadings sufficiently appear from the findings of the trial court.

After the contract was executed, which is dated November 14, 1906, defendant, Alice S. Blake, died, and defendant, William Vincent Witcher, Jr., was appointed executor of her will and estate. Plaintiff presented a claim to said executor for the amount in this action mentioned which was rejécted. No point arises as to the sufficiency of the steps thus taken by plaintiff. At the close of the evidence plaintiff, by leave of the court, made certain amendments to his complaint to conform to the evidence.

The court found: 1. That the foregoing contract was entered into by plaintiff and the other signers of the contract, "wherein and whereby plaintiff agreed to buy and said defendants agreed to sell to plaintiff an undivided one-half interest in and to the land in said contract described"; 2. That at the time of the execution of said contract an undivided two twenty-fourths interest in said property was vested in Beach Carter Soule, Jr., and Everett Pomeroy Soule, both minors, and at said time and prior thereto an action was pending in the superior court of Alameda County, to determine what interest said minors had in said property, and defendants, Alice S. Blake, trustee, and Alice S. Blake as an individual and said Helen T. Witcher, were parties to said action; that at said time "the undivided ½ of said property owned by defendants, Witcher and Alice S. Blake, was subject to a deed of trust to secure a loan of $40,000"; that at the same time there were four leases of record covering portions of the property, which had not expired "and were purported to have been signed by defendants through their agent, and the lessees named in said leases were in possession . . . and the said defendants were then, and have been since the execution of said leases, collecting and receiving rent from said tenants"; that said defendants at the time said contract was executed "denied that the said minors aforesaid had any interest in the property" and the action was "to determine whether or not the said minors had acquired any interest therein under the will of Francis M. Blake, deceased"; that "all the foregoing facts were well known to said defendants, and to each of them, at the time of the execution of the contract aforesaid"; that by the terms of the contract it was agreed that plaintiff should have thirty days from its date in which to examine the title and if found imperfect "and could not be perfected within

ninety days from and after the date thereof, the said agreement should be terminated and said deposit of $2,500.00 returned to plaintiff''; 3. That plaintiff paid to defendants Blake, Witcher, and Witcher, a deposit of two thousand five hundred dollars on the purchase price of said property; 4. That plaintiff, within the said thirty days, examined the title to said property, ''partly from abstracts furnished him by the defendants above named, and found the title thereto imperfect in the particulars hereinabove mentioned, and on the 11th day of December, 1906, made and served upon the said defendants and on the owners of the other undivided one-half of said' property, a notice that within the thirty days specified in the contract he ''will have completed the examination of the title to said property and will be prepared to consummate by paying for said property the remainder of the purchase price . . . on the execution and delivery to me of a good and sufficient grant, bargain and sale deed conveying the said property with good and sufficient title free and clear of all encumbrances. Kindly advise me as soon as practicable when and where we can meet to consummate said contract and arrange for transfer of the aforesaid property''; that ''said notice was given by plaintiff to said defendants and each of them, by mail, and the said plaintiff received no reply whatever thereto''; that thereafter, to wit, on February 13, 1907, plaintiff served upon defendants and the owners of the other undivided one-half of said property a notice in writing, that the title to said property is defective in the following particulars: ''1st. I find that the conveyance from the executor of the last will of James Moffitt, deceased, taken in connection with the deeds of Alice S. Blake as an individual and as trustee, W. V. Witcher and Helen F. Witcher, would not convey the whole title to the property. There would still be an interest outstanding and as far as I have been able to ascertain no steps have been taken to secure a conveyance of this interest.'' ''2d. The property is encumbered by leases which have not been released. This latter objection I think may be adjusted, providing the other outstanding interest can be obtained.'' Attention is called to the contract giving defendants ninety days in which to perfect the title if it can be done within that time; that their attention has been called to it before and they have done nothing ''to straighten the matter

out so that full ownership of the property may be conveyed to me as contemplated by my contract.'' ''As soon,'' the letter continues, ''as the whole title can be passed I am ready to comply with the agreement on my part. Kindly give this matter your attention and notify me promptly when you are ready.'' A description of the property is then set out in the letter. Still quoting from the findings, the court found ''that said last mentioned notice was served by plaintiff on said defendants and each of them by mail, and said plaintiff received no reply whatever thereto.'' ''5. That ninety days elapsed from and after the date of said agreement without the title to said property being perfected, and the said defendants were not able during that time, or otherwise, or at all, to perfect the title to said property, or to deliver to plaintiff a good and sufficient deed to said property conveying the same to him free and clear of all encumbrances, and never at any time proffered or tendered to plaintiff a good and sufficient deed conveying to him the said described property free and clear of encumbrances. That during all of said times none of the leases above referred to was released, and the interest and property covered by the deed of trust above referred to was not reconveyed''; that during all said time the action to determine the interest of said Soule minors was pending in the superior court and was not finally determined until the decision of the supreme court on March 28, 1910; that during all the time from November 14, 1906, up to March 28, 1910, the said defendants ''could not convey to said plaintiff an undivided one-half interest in and to said property described in said written agreement free and clear of encumbrances and that all of said facts mentioned in this paragraph were well known to the said defendants during all of said time.'' 6. That on May 31, 1907, plaintiff delivered to defendants a notice in writing stating that as they had failed to comply with the said agreement, ''within the time specified or at all, said agreement is ended and terminated; and demand is hereby made upon you and each of you, for the return of the money deposited by me with you on account of said agreement, to wit: the sum of twenty-five hundred dollars''; that ''said plaintiff did not, prior to the service of said notice, or otherwise, or at all, tender to defendants the balance of the purchase price . . . except as shown by the notice made and served

by him on the 11th day of December, 1906, as hereinafter set forth''; that at no time between the date of said contract and the serving of the notice on May 31, 1907, ''did plaintiff have cash on hand, or subject to his call in any bank . . . a sum in excess of the sum of $100,000, but had other property sufficient in value to enable him to raise the balance on said contract, and during all said times plaintiff was able, ready, and willing to perform the terms and conditions of the contract to be performed by him; that plaintiff duly performed all the terms . . . to be performed by him.'' 7. That ''defendants failed, refused, and neglected to comply with said demand and have ever since failed, refused and neglected to comply therewith or to return to plaintiff the said deposit of $2,500, or any part thereof and neither the whole nor any part of said sum of $2,500 has been paid or returned to plaintiff.''

As conclusions of law the court found that plaintiff is entitled to recover from defendants the sum of two thousand five hundred dollars with interest from May 31, 1907, and costs.

Plaintiff alleges two causes of action—one on the contract and the other for money received by defendants to the use of plaintiff, which they agreed to pay plaintiff on demand. The court, in addition to the foregoing findings, found the averments in the second cause of action to be true.

The sufficiency of the evidence to support the findings is not challenged nor is any question raised in the briefs on the rulings of the court in admitting or rejecting evidence.

Appellants make but two points—first, that ''One who has contracted to purchase realty and has paid a deposit thereon, cannot recover his deposit without tendering payment of the balance of the purchase money; and second, that defendants' defective title did not excuse plaintiff's failure to tender the purchase money.''

Upon the first proposition, appellants rely on *Englander* v. *Rodgers,* 41 Cal. 420, 422. The principle there enunciated is that ''to entitle the plaintiff to maintain the action on the contract set out in the complaint he should have averred tender of the unpaid portion of the purchase money, or some sufficient excuse for the omission to tender it.'' The case went off on demurrer to the complaint and, as the complaint failed to allege either tender or any excuse for the omission, the demurrer was sustained. In *Merrill* v. *Merrill,* 95 Cal. 334,

[30 Pac. 542], the court is careful to point out by the use of italics the qualification which certain facts may impose upon the rule in the Englander case—for example—"neither could put the other in default, except by tendering a performance on his own part, *or by his conduct rendered it unnecessary,"* and again, "he should have averred a tender of the unpaid portion of the purchase money, or *some excuse* for the omission to tender it." In the Merrill case the court was of the opinion that sufficient facts were alleged to "show that a tender of the purchase money and demand for the deed would have been of no avail." *Wood* v. *McDonald*, 66 Cal. 547, [6 Pac. 453], is cited, where the court said: "Proof of any circumstance which would satisfy a jury that a demand would be unavailing . . . will be sufficient to excuse proof of a demand." *Crim* v. *Umbsen*, 153 Cal. 697, [132 Am. St. Rep. 127, 103 Pac. 178], was a case where the great fire in San Francisco occurred shortly after the contract of purchase and sale was made, thus rendering it impossible, within the time designated in the contract, to exhibit a good title. It was held that the purchaser was entitled to rescind the contract and recover back part of the purchase money paid previous to the fire. (*Allen* v. *Globe Mining & Milling Co.*, 156 Cal. 286, [104 Pac. 305]; *Cabrera* v. *Payne*, 10 Cal. App. 675, [103 Pac. 176]; *Carter* v. *Fox*, 11 Cal. App. 67, [103 Pac. 910].) See, also, *Phelps* v. *Brown*, 95 Cal. 572, [30 Pac. 774], where the cases are reviewed. It is unnecessary to pursue the cases further to show that the rule stated in *Englander* v. *Rodgers*, 41 Cal. 420, is applicable only where neither the pleadings nor the evidence present an excuse for not making tender of the full purchase price.

The contract expressly provided that "if the title is found imperfect and cannot be perfected within ninety days from this date, this agreement shall be terminated and the deposit on it hereinafter mentioned returned." Defendants' right to retain the deposit was made to depend upon the vendee's failing to make payment "upon the execution and delivery to him of a good and sufficient grant, bargain and sale deed conveying the undivided one-half of said property, with a good title free and clear of all encumbrances."

The undisputed evidence was and the court so found that defendants were not only unable within the ninety days to

make such title but were not able to do so, if at all, until long after plaintiff had declared the contract at an end and had demanded payment of his deposit. And the court found that defendants could not, at any time between November 14, 1906, and March 28, 1910, convey a good title for reasons shown in the findings and that defendants knew all the facts relating to the defects in the title. It is true that, in his letter of February 13, 1907, plaintiff did not point out all of these defects but the defects not pointed out were well known by defendants to exist and to be of a character making it impossible until removed to pass a good title. Under these circumstances it would have been an idle act to notify defendants of these known defects, existing when the contract was made and which they undertook to remove within ninety days or return the deposit. We do not think that plaintiff lost his right to recover by not demanding the return of his money and declaring the contract at end until a few days after the expiration of the ninety days. Under the circumstances he would have been justified in so declaring even within that period since it was impossible to have made a good title within that time. (*Cabrera* v. *Payne,* 10 Cal. App. 675, [103 Pac. 176].)

Respondent contends that his letter of February 13, 1907, was a sufficient tender. Citing section 2074 of the Code of Civil Procedure, in *Peckham* v. *Stewart,* 97 Cal. 147, [31 Pac. 928], the court pointed out the change made by the Civil Code, section 1496, in the common-law rule as stated in *Englander* v. *Rodgers,* 41 Cal. 420, which required the production and offer of the money.

We do not think any tender other than was made was necessary and whether it was in fact sufficient need not be decided.

From any just view we can take of the case the judgment and order should be affirmed and it is so ordered.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1913.