[Civ. No. 2806. First Appellate District, Division Two.—July 28, 1919.]

# ANNIE T. ETIENNE, Respondent, v. VICTOR ETIENNE, Jr., Appellant.

[1] CONTRACTS — PAYMENT IN SPECIFIC ARTICLES — NONCOMPLIANCE — LIABILITY TO PAY MONEY.—When a contract is made to pay a sum of money in specific articles, upon the failure of the payer to deliver such articles within the time provided, the contract becomes an obligation to pay the sum of money itself.

[2] ID.—PROPERTY SETTLEMENT BETWEEN HUSBAND AND WIFE—AGREEMENT TO DELIVER BONDS AS SECURITY—FAILURE TO COMPLY—RIGHT OF WIFE.—Where a contract between a husband and wife settling their property rights, pending an action for divorce filed by the wife, provides for the immediate delivery to the wife of certain bonds as security for the payment of a given sum of money, the husband being given a stated number of years in which to redeem the bonds at that figure, upon the failure of the husband to deliver the bonds as agreed, the wife is entitled immediately to maintain an action against him to compel the payment of the money.

[3] ID.—TIME FOR PERFORMANCE.—Where such contract does not provide a definite time within which the bonds are to be delivered, they must be delivered within a reasonable time or upon demand of the wife.

[4] ID.—SUBSEQUENT INABILITY TO PERFORM—RIGHT OF WIFE—ACTION FOR DAMAGES.—Where the husband, though he has the ability to deposit the bonds at the time he executes the contract with the wife, voluntarily delays doing so, and thus disables himself from performing his contract obligation, the wife has the right to treat the contract as terminated with regard to such obligation and to maintain an action at once for the damages occasioned by such breach.

[5] ID.—RECITAL OF VALUE—EVIDENCE—AMOUNT OF DAMAGES.—Where the contract between the parties expressly recites that such bonds are to be taken "as being the equivalent of sixty thousand dollars," but no proof is offered as to their value, the court is justified in awarding the wife judgment for damages in that amount.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge. Affirmed.

1. Damages recoverable on breach of contract to pay sum of money in specified articles or commodity, note, Ann. Cas. 1916A, 965.

The facts are stated in the opinion of the court.

John T. Williams and Leo R. Friedman for Appellant.

F. B. Clark and J. J. Dunne for Respondent.

HAVEN, J.—Defendant appeals from a judgment rendered against him in the sum of sixty thousand dollars, with interest, found to be due to plaintiff under the terms of a written contract between the parties. Plaintiff and defendant were husband and wife. On October 22, 1913, while an action for divorce filed by plaintiff was pending, a property settlement was made between them, evidenced by a written contract, upon which this action is based. For a proper understanding of the facts involved in the appeal it is necessary to set forth in full two paragraphs of this contract. The defendant is the party of the first part and the plaintiff the party of the second part therein referred to. These paragraphs are as follows:

"Second. That said party of the first part agrees to immediately execute a grant, bargain and sale deed conveying to the said party of the second part all his right, title and interest in and to the above described property, and also to deliver to said party of the second part sixty (60) General Petroleum bonds, and all of the household furniture now in the premises at 770 Dolores Street.

"Third. Said party of the first part agrees that on or before five years, he will redeem at par the said sixty General Petroleum bonds for the full face value of said bonds, namely for sixty thousand dollars, and that in the meantime, and until said bonds are redeemed for said sixty thousand dollars, he guarantees that said bonds will give a net income of three hundred dollars per month payable on the interest payment dates of said bonds, and in case said bonds do not bring a net income of three hundred dollars per month, the party of the first part agrees to make up any difference between the amount earned on said bonds and the said sum of three hundred dollars; it being distinctly understood by and between the parties hereto that the said General Petroleum bonds are taken in this agreement as being the equivalent of sixty thousand dollars, and it is the intent and purpose of the party of the first part to give said party of the second part the sum of sixty thousand dollars by means

of said bonds, and said party of the first part, not being in a position at this time to turn over said sixty thousand dollars to said party of the second part, agrees that he will leave with said party of the second part said bonds, with the guarantee that on or before five years they shall be redeemed for the sum of sixty thousand dollars; and it being further understood that it is the intent of this agreement that a monthly income of three hundred dollars shall accrue to said party of the second part from said bonds, or failing to accrue from said bonds, then from said party of the first part until redemption of said bonds by said party of the first part.''

Defendant partly performed his obligations under the above contract by executing and delivering to plaintiff a deed for the real property therein referred to, and also by delivering to her the household furniture. He has never delivered to her the described bonds nor paid the sum of sixty thousand dollars. This action was prosecuted for the recovery of this latter sum, and judgment therefor was rendered against the defendant.

It is agreed by both parties that the primary obligation of defendant under the terms of the contract was to pay to plaintiff said sum of sixty thousand dollars. Appellant contends, however, that this sum was not payable until five years after the date of the contract, to wit, October 22, 1918, and that this action, having been filed on April 17, 1917, was prematurely brought. It is further argued that, while appellant's failure to deliver the bonds specified in the contract or to make payment of the sum of sixty thousand dollars constituted a breach of such contract on his part, plaintiff's remedy was limited to one of two causes of action—either to compel the delivery of the bonds, in specific performance of the contract, or for damages for failure to make such delivery; and, further, that, in the latter action, the value of the bonds was a material element in computing the damage, and that no evidence of such value was offered. The contention is that no time for the payment of the sum of $60,000 is specified in the contract, and, therefore, that the only obligation incurred by defendant was for delivery of the bonds with the accompanying guaranty that he would redeem the same at their face value within five years from the date of the contract. It is as-

serted, therefore, that defendant was not liable for the cash payment until the expiration of the five-year period. His answer pleads his intention of making payment at that time.

Respondent, on the other hand, contends that the terms of the contract are equivalent to an agreement on the part of defendant to pay to plaintiff the sum of sixty thousand dollars, in bonds of the General Petroleum Company, and that the five-year period is specified solely as a time of redemption, and can have no bearing upon the liability of defendant unless and until the bonds were delivered; that the obligation of defendant was to deliver the bonds immediately upon the execution of the contract, or at least within a reasonable time thereafter, and that, upon the breach of that obligation, defendant became liable to plaintiff in the sum mentioned as damages suffered by plaintiff by reason of such breach.

In *Beckwith* v. *Sheldon*, 168 Cal. 742, 746, [Ann. Cas. 1916A, 963, 145 Pac. 97, 99], the supreme court construed a contract which provided "that there shall be paid to Beckwith the sum of fifty thousand dollars in bonds of the . . . company, at par," and held that, upon the refusal of the promisor to deliver the bonds in payment, the promise became an absolute money obligation, and that the payee had an immediate right of action for recovery of the money without alleging or proving the value of the bonds. [1] Many authorities are cited to sustain the doctrine that, when a contract is made to pay a sum of money in specific articles, upon the failure of the payer to deliver such articles within the time provided, the contract becomes an obligation to pay the sum of money itself. The proper construction of the contract here involved brings it within the rule of the above case. Said contract provides: "It is the intent and purpose of the party of the first part to give said party of the second part the sum of sixty thousand dollars by means of said bonds." This is equivalent to a promise to pay sixty thousand dollars in the bonds referred to. It is true that the contract discloses that the defendant was not in position at the time of its execution to make such payment, and that, for the purpose of securing the payment, the bonds were to be delivered to the plaintiff and retained by her, under the defendant's guaranty of a stable income therefrom and ultimate redemption in cash within five years.

It is not contended by appellant that plaintiff was obliged to wait five years, without complaint or cause of action, upon the failure of defendant to either deposit the bonds or pay the money. In other words, it is admitted that, at the time this action was brought, defendant had been guilty of a breach of his contract obligations. It is insisted, however, that during the five-year period provided for redemption of the bonds the only obligation of the defendant was to make the deposit as security, and that, therefore, plaintiff's remedy was limited to the specific performance of that obligation, or to the recovery of damages for failure to make such deposit. [2] Under the rule stated in *Beckwith* v. *Sheldon, supra,* the failure of the defendant to make the stipulated deposit converted his agreement into an absolute promise for the payment of the money, and a right of action for recovery thereof matured upon the breach of the covenant of the contract. The only element in the contract here involved, which is urged as distinguishing this case from the doctrine announced in the above-cited case, is that the deposit here provided for was to be made as security for the performance of the promise to pay the money, while in the cited case, and authorities therein referred to, the promise was to pay in bonds, or other articles, and not to secure a future payment. Construed as a whole, this contract evidences a primary obligation to pay the sum specified in bonds, with a secondary obligation to redeem the bonds in cash within the five-year period. The addition of the second promise did not alter appellant's obligation upon the first, nor take the case without the rule above referred to. Nor can the contract be construed to mean that the time of payment was postponed for five years without the deposit of the security. The only mention in the contract of the five-year delay is in connection with the redemption of the bonds. Until such bonds had been deposited, the question of redemption, or the time therefor, could not arise. There may be some uncertainty as to whether the word ''immediately'' at the commencement of the second paragraph of the contract refers to the delivery of the bonds as well as to the execution of the deed. If it does not, the contract is silent as to when the bonds should be delivered. [3] Under that construction of the contract it must be held that the bonds were to be delivered within

a reasonable time or upon demand of the plaintiff. The evidence discloses frequent demands for such delivery, and also a demand for payment of the money, if the bonds could not be delivered. It is conceded that, upon such demand and failure upon the part of the defendant to either deliver the security or make the payment, a breach of the contract resulted. Upon such breach plaintiff was entitled to recover the sum of sixty thousand dollars, the payment of which is conceded to have been the primary obligation of the defendant.

The same result is reached from a consideration of other facts appearing in the record. In an interview between defendant and plaintiff's attorney, prior to the commencement of the suit, defendant admitted that the bonds should have been delivered when the agreement was signed, but that he refrained from doing so by reason of a feeling of animosity toward the plaintiff's former attorney. He further stated that he expected to be compelled to put them up, and that "I am sorry now that I did not do so; now I cannot. I am sorry that I cannot." At a later interview between the same parties, when a further demand was made for the deposit of the bonds or payment of the money, defendant criticised the plaintiff's act in recording the deed to the house, and stated the result of that action was that "everybody came on me and they took everything I had; now I can't do anything." It thus appears that defendant construed the contract as obligating him to make an immediate delivery of the bonds; that he did not do so for reasons personal to the attorney then representing the plaintiff; and that before the interview referred to his ability to perform the contract had ceased. This brings the case within the rule "that if one party to a contract has destroyed the subject matter, or disabled himself so as to make performance impossible, his conduct is equivalent to a breach of the contract although the time for performance has not arrived." (*Roehm* v. *Horst*, 178 U. S. 1, 8, [44 L. Ed. 953, 20 Sup. Ct. Rep. 780, see, also, Rose's U. S. Notes]; *O'Neill* v. *Supreme Council, etc.*, 70 N. J. L. 410, [1 Ann. Cas. 422, 57 Atl. 463]; *Wolf* v. *Marsh*, 54 Cal. 228, 232; *Poirier* v. *Gravel*, 88 Cal. 79, 83, [25 Pac. 962]; *Cabrera* v. *Payne*, 10 Cal. App. 675, 678, [103 Pac. 176].) [4] In view of the provisions of the contract and defendant's testimony, it must

. . .  . . .

be assumed that he had the ability at the time of the execution of the contract to make the deposit of bonds therein provided for; that he voluntarily delayed doing so, and thus disabled himself from performing his contract obligation. Defendant's answer contains allegations to the contrary, but no evidence was offered to support them and the findings negative their truth. Under the doctrine of the above cases, plaintiff had the right to treat the contract as terminated with regard to such obligation and to maintain an action at once for the damages occasioned by such breach of contract. Appellant's contention that this rule applies only "in those instances where the refusal to perform, or the renunciation of the contract is absolute and unequivocal and goes to the whole contract" is not sustained by the authorities. In the case relied upon by appellant in support of that position, it is said: "To justify such a course of procedure there must be a failure in some substantial particular, which goes to the essence of the contract, and renders the defaulting party incapable of performance, or makes it impossible for him to carry out the contract as intended." (*Krebs Hop Co.* v. *Livesley,* 51 Or. 527, 533, [92 Pac. 1084, 1086], affirmed in 59 Or. 574, [Ann. Cas. 1913C, 758, 114 Pac. 944, 118 Pac. 165].) The failure of defendant to deposit the bonds was a failure in a substantial particular which went to the essence of the contract. His delay in making such deposit, and resultant inability so to do, made it impossible for him to carry out the contract as intended. The authorities also sustain the position that an act of the promisor which disables him from making performance, as well as a formal renunciation of the contract, is within the rule above stated.

[5] The contention of appellant that plaintiff's cause of action was limited to the recovery of damages for failure to make the deposit of the bonds does not justify the conclusion that the recovery herein was unwarranted. The argument is that in such an action the damages must be based upon the value of the bonds at the time of the breach, and that no proof of such value is contained in the record. Under the language of the contract, as construed by appellant, the deposit of the bonds should have been made immediately upon the execution of the contract, and the failure to do so constituted a breach at that time. Paragraph third

of the contract, which by special reference is made a part of the complaint, provides that it was distinctly understood between the parties that the "bonds are taken in this agreement as being the equivalent of sixty thousand dollars." This agreement furnished evidence of the value of the bonds at the time of the breach. The complaint contains allegations of failure on the part of defendant to deliver the bonds, and of damage in the sum of sixty thousand dollars. These allegations may be regarded as stating a cause of action for damages arising from the failure of defendant to make the deposit of bonds. Under that theory the evidence is sufficient to support the judgment. (*Henry* v. *North American Ry. Construction Co.*, 158 Fed. 79, [85 C. C. A. 409].)

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 25, 1919.

All the Justices concurred.